## TEMPLETON vs. JACKSON.

Defendant executed a deed to plaintiff, in which he acknowledged the receipt from plaintiff of six hundred dollars, and warranted to him a pre-emption title to a quarter section of land. Owing to conflicting claims to the land, the plaintiff was enabled to enter only eighty acres of the land described and eighty adjoining it. Plaintiff instituted an action of assumpsit upon the common counts to recover the six hundred dollars.

Held, that the action could not be maintained.

### APPEAL FROM HOLT CIRCUIT COURT.

EDWARDS & JONES for appellant.

1. The contract under which the 600 dollars were paid by plaintiff to the defendant, is void, being in violation of the pre-emption laws U. S. See act of Congress; 9 Mo. Rep. p. 263. The court therefore erred in refusing to give the second and third instructions asked by the plaintiff.

2. Admitting the contract under which the money was paid to be valid, and not in violation of any law, then the plaintiff is entitled to recover the money paid under it, if it was paid without any consideration, notwithstanding the special contract. 19 John. Rep. 74.

3. If the defendant failed to comply with the terms of the contract, and the consideration thereby failed, the plaintiff is entitled to recover the money paid on it in this action, notwithstanding the contract is special. 12 John. Rep. 364.

4. The contract under which the 600 dollars was paid, being illegal, executory, and unexecuted, the plaintiff has a right to recover it back in this form of action. 10. Mo. Rep. 205 ; 1 Wheat. Selwyn, 85.

5. The fourth instruction given for the plaintiff, declares the law to be, "that any compromise between plaintiff and Sharp could not affect the right of plaintiff to recover." And the 3rd instruction given for defendant declares the law to be, "that if plaintiff by compromise or otherwise, entered a portion of the land, then he could not recover." These two instructions are not only in direct conflict and against each other, but the third instruction assumes, that under the law, the defendant had a transferable interest in the land that would constitute a good consideration for the money paid, which is also in direct conflict with the 5th and 7th instructions given on the part of the plaintiff.

6. The court erred in refusing to give the 6th instruction prayed by the plaintiff.

HAYDEN for appellee.

1. There is no evidence in the cause, given by the plaintiff or defendant, conducing to sustain the plaintiff's action with reference to the whole or any part of the money demands, specified in the bill of particulars filed by him in this cause, nor to sustain in any wise his said action. 5. Cow. Rep. 195, Miller vs. Watson.

2. That if there were proof in the cause sufficient to show that there had been a partial failure of the consideration for which the $600 were paid by plaintiff to the defendant, the present action cannot be maintained to recover the amount of such failure. The remedy would and must be upon the warrants or covenants contained in the deed of conveyance, by which the defendant conveyed the land and bound himself to the plaintiff, if at all. 5. Cow. Rep.

195, 196; 16 Peter's Rep. 327; 4 Cranch. 239, Young vs. Preston; Paulsel & Clendenen, 2 Mo. Rep. 230; 2nd T. R. 100; 2 Strange 1027; Coke Jac. 506, 598; 1 Chitty Plead. 945, note B; 6 Cow. 449.

3. If the agreement between plaintiff and defendant for the sale and purchase of the land, had been by parol, instead of being by deed, as it is, the plaintiff could not recover the $600 which he paid for the land, as for so much money had and received by defendant or otherwise in this form of action, under the circumstances of this case, without first having placed, or offered to place the defendant in *statu quo* with reference to the land; and in this case there was no such evidence offered or given in the cause. Cow. 449, Douglass Rep. 471.

4. There is no evidence, apparent in the record, that the land or the claim of Jackson to the land, with his improvements thereon, was or is such an one as he was by law prohibited from selling to the plaintiff, so as to render the contract or sale such as to deprive him of the right to retain the $600 received by him as against the defendant, who is as innocent as the plaintiff, if there be any guilt in the transaction, which is denied. The law being that where a party divests himself of his money or other valuable thing, against its mandates, he cannot invoke its aid to regain or reinvest himself with it. 2. Marshall, 208; Gray vs. Roberts, 1 Pirtle Dig. 59.

5. That if by law an action of assumpsit would lie, to recover the consideration for lands sold and conveyed by deed (as the land was in this case) with covenants of warranty, yet, as is stated in the 3rd point, above made, the plaintiff was bound to show that he had placed the defendant in *statu quo*. Nor can the plaintiff recover in this case for another reason, apparent from the proofs in the cause, which show that the defendant, Jackson, and Templeton compromised the matter to the entire satisfaction of Templeton, by Jackson's paying tavern bills, witnesses fees, $50 in cash, and procuring for him, in lieu of one-half of the quarter sold him, the half of another adjoining quarter, making up the number of acres sold. And under such circumstances it would be against equity and good conscience to refund the money paid to Jackson. His claim, therefore, was satisfied, or at least waived by his contract. 16 Peters, 327, Fresh vs. Gibson; Douglass 471; 6 Cowen Rep. 449.

6. The court did not err in declaring the law to be as moved by the defendant in his instructions, nor in rejecting the instructions as prayed for by the plaintiff.

Judge BIRCH delivered the opinion of the court.

In this case, which was an action of assumpsit upon the common counts, the plaintiff read in support of his right to recover, a deed executed by the defendant, acknowledging the receipt from the plaintiff of six hundred dollars, and warranting to him a pre-emption title to a quarter section of land. Upon a compromise with other conflicting claimants at the land office, the plaintiff was permitted to enter one-half of the land thus conveyed to him, and another half quarter section adjoining it. There was testimony that the plaintiff professed himself satisfied with the arrangement which the defendant had been instrumental in thus procuring to be made for him. This, however, is deemed immaterial, as the question upon which the case turned in the circuit court, and the only one material to be considered here, is whether the action of assumpsit was maintainable under such circumstances, or whether

the plaintiff must not proceed (if at all) either upon his covenant of warranty, or by bill in equity.

Although the tendency of modern jurisprudence has been to somewhat enlarge the scope of the action adopted in this case, we find no authority, either in the text books or reports, which would justify us in allowing it the latitude necessary to a recovery here. On the contrary, we have met with numerous analagous negative adjudications, with the reasoning of which we entirely concur.

Let the judgment of the circuit court be therefore affirmed.