ANDREW WARREN

*v.*

JAMES E. TYLER *et al.*

1. FRAUD—*effect of rescission of contract for.* Where a creditor, after settlement, is induced by the fraudulent representations of his debtor to take a conveyance of lands in payment, and after discovering the fraud rescinds the contract, by tendering back a conveyance, and bringing suit on his debt, he will have the right to recover the entire debt, without any deduction for the actual value of the lands.

2. SAME—*time in which to rescind contract for fraud.* A suit brought in rescission of a contract for fraud, eighteen months after its consummation,

where the party had not discovered the fraud until some time after, and required time to procure evidence of the fact, is not brought too late.

3. INTEREST—*at what rate recoverable.* Where, prior to a settlement, a firm was in the habit of charging a customer seven per cent interest, in their dealings with him, which he always paid: *Held*, in the absence of proof to the contrary, that an agreement to pay that rate might be inferred from such previous dealings.

4. SAME—*from what time allowed on rescission of contract for fraud.* When a party rescinds a contract whereby he is induced to accept unimproved lands in settlement of a debt, through the fraudulent representations of his debtor, made with a knowledge of their falsity, and upon which the creditor relied, he will be entitled to the interest from the time of the previous settlement, the same as though the contract of purchase had never been made, and will not be restricted to the time when he tendered a reconveyance, he having received no rents and profits to be deducted.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

On November 18, 1871, appellant was found to be indebted to appellees, on settlement, in the sum of $7,831.28, which was settled in full on December 11, 1871, by appellees accepting from Marcus Warren, appellant's brother, certain lands in the State of Wisconsin. The lands were not worth much more than one-half of the debt. Appellees were induced to make the settlement upon the representations of appellant that he had lost everything, and had nothing with which to pay them. After discovering that these representations were not true, they tendered a reconveyance of the lands, and brought this suit upon the original debt.

Messrs. LAWRENCE, CAMPBELL & LAWRENCE, for the appellant.

Mr. FREDERICK ULMANN, and Mr. E. W. EVANS, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The principal question presented in this case is one of fact, exceptions having been taken on the rulings of the court to only two or three legal propositions. But it is urged that the

court below should have granted a new trial, because the finding of the jury was manifestly against the weight of evidence. When examined, it is found that if all the evidence were taken alone, on either side, it would be amply sufficient to sustain a verdict for that side. Withdraw all of appellant's evidence, and we apprehend no one would question the correctness of the finding. Or, on the other hand, if all of appellees' evidence was stricken out, then the defense would be established beyond question.

But the evidence is highly conflicting, and portions of it are irreconcilable, and it was for the jury, under proper instructions, to find and determine what was proved under the issues of fact in the case. Such instructions were given, and the jury found in favor of the plaintiffs, and we are not prepared to say that their finding is decidedly and clearly against the preponderance of the evidence. In the conflict it was for the jury to find the facts, and unless the evidence failed to warrant the verdict, the court could not rightfully set it aside. We are therefore of opinion that the court below did not err in refusing to grant a new trial on that ground.

It is urged that the finding of the jury is excessive; that according to the evidence of Sheldon, the Wisconsin lands were worth, at the lowest estimate, from $3500 to $5000, and that appellees had no right to recover more than the difference between that sum and the amount of the debt. The answer to this is, that if the contract to take the lands on the debt was procured by false representations, known to have been such, by appellant, and they were relied upon by appellees, and they were thereby induced to enter into the agreement, it was voidable, and appellees, on discovering the fraud, had the right to repudiate it, and sue for and recover the debt. The jury, on the evidence, and under proper instructions, have found that appellees were so induced to enter into the contract, and we are not disposed to disturb the finding. Had the contract been fairly entered into by the parties, and the only fraud had consisted in fraudulent representations by appellant, when the price was fixed on the lands by Sheldon, then a different

question would have arisen, which it is unimportant now to determine.

It is said that the delay of eighteen months after the fraud was discovered, was too great, before bringing suit, to be permitted to recover. And the case of *Cox* v. *Montgomery*, 36 Ill. 396, is referred to in support of the proposition. That case, in limiting the period within which the party defrauded must bring suit, is perhaps one of the most extreme cases. But there, the party had full knowledge of the fraud and all of the facts constituting it, for the period of eighteen months before suit brought. Here, on the other hand, appellees only had their suspicions aroused, and commenced their investigations that length of time before this action was commenced. Appellant's property was scattered, and the record of titles in Cook county had been destroyed by fire, and we may reasonably suppose that some considerable time expired before they could learn all the facts necessary to establish their case; and to hold appellees precluded from rescinding the sale, would be to materially shorten the period laid down in *Cox's case*, which we are not inclined to do.

It is next urged that the verdict was excessive, inasmuch as it allowed appellees seven per cent interest on the account, from the time it was stated until the finding of the verdict. On the statement of an account and the ascertainment of the balance due, the present statute only allows six per cent interest. But the statute then in force authorized the parties, by written or verbal agreement, to stipulate for any rate of interest not exceeding ten per cent per annum. Public Laws 1857, sec. 2, p. 45. Tyler, in his testimony, states that his firm had been charging appellant seven per cent in their dealings with him, and he had been paying it. This, in the absence of proof to the contrary, was evidence from which an agreement to pay that rate might be inferred; but had it been rebutted by evidence that no such agreement had, in fact, been made, then the presumption would have been rebutted, as we apprehend that a rate higher than that fixed by the statute could only be collected when there was an express stipulation or agreement

therefor.   There was no evidence in this case rebutting the presumption, and there was no error in its allowance.

It is also urged that interest could only be allowed from the time of the rescission of the contract; and the case of *Harding* v. *Larkin*, 41 Ill. 414, is cited in support of the proposition.   That was an action of covenant for the breach of warranty of title; that grew out of a valid and binding contract.   But here, the contract was fraudulent and voidable, and the rescission of the contract and tender of a reconveyance of the lands placed the parties in their former position, as though the conveyance had never been made.   Hence, there is no presumption of rents and profits received by appellees, and the proof shows that the lands were vacant and unoccupied.   Had the evidence shown that appellees had received rents and profits, whatever amount they had received could have been set off or recouped against the recovery.   But the record is barren of any such evidence, and interest was properly allowed from the date of the settlement and the striking of the balance.

After a careful examination of the entire record we perceive no error for which the judgment should be reversed, although we should have been quite as well, if not better, satisfied, had the jury found the other way; and the judgment of the court below must be affirmed.

*Judgment affirmed.*