School District No. 1, etc., vs. Dreutzer and another.

SCHOOL DISTRICT No. 1, etc., vs. DREUTZER and another.

*September 4, 1880 — February 8, 1881.*

51 153
84 531

OFFICIAL BOND. *(1) Obligee not interested in questions between surety and principal. (2) What facts need not be proven. (3) Judgment on original bond not considered in suit on additional bond. (4) Burden of proof; reversal of judgment.*
(5) INTEREST *on deficit in officer's accounts.*

1. In an action upon a bond, plaintiff is not interested in the question whether the principal committed a fraud on the sureties by obtaining their signatures to the bond on a promise to procure the signature of a certain other person.
2. Where the execution, delivery and approval of the bond are alleged in the complaint and not denied in the answer, defendants cannot object that those facts were not shown by the evidence.
3. The action being on an *additional* bond of the treasurer of a school district (furnished under § 38, p. 550, Tay. Stats.), an action, finding and judgment on the *original* bond of the same officer, not pleaded or in evidence in this cause, cannot be considered in determining it.
4. Where the amount of moneys in the hands of such treasurer at the time of the execution of the bond in suit, was shown, it was incumbent on defendants to account for its expenditure according to law; and where no such accounting was made, and the referee for trial and the court were left to ascertain the amount of the deficit from uncertain evidence, and the amount recovered is the least of several amounts at which it might have been computed upon the evidence, and less than that reported by the referee, this court refuses to disturb the finding of the court below.
5. In such a case, the amount of the deficit being ascertainable by computation, interest may properly be allowed. *Marsh v. Fraser*, 37 Wis., 149, distinguished.

APPEAL from the Circuit Court for *Door* County.

Action against William K. Dresser, principal, and *O. E. Dreutzer* and *L. R. McLachlin*, sureties, on a bond running to the plaintiff district. *Dreutzer* and *McLachlin* appealed from a judgment rendered against all the defendants.

The cause was submitted for the appellants on the brief of *Tracy & Bailey:*

1. The bond in suit is not the bond of the defendant *Dreutzer.* He signed it upon the promise and under the belief that

it was also to be signed by one E. C. Daniels. It never was so signed. *Linn County v. Farren*, 52 Mo., 75. 2. The additional bond of the defendants should be delivered, and approved by the clerk and director of the district. Tay. Stats., ch. 23, §§ 37, 38. There was no evidence of such delivery. Delivery of a bond is essential to its validity. *Wild Cat Branch v. Ball*, 45 Ind., 213; *McPherson v. Meek*, 30 Mo., 345. 3. The bond of the defendants is for "additional security," only. They stand in the position of sureties to the original bondsmen, and their liability is limited to the actual insufficiency of the original bond. At least, since the second bond is additional only, there could be no breach of its condition without a breach of the first. The condition in the two bonds is the same. The court found that the condition of the first had been fully complied with. The sureties thereon being rightly discharged, those upon the second bond must also be. Brandt on Suretyship, sec. 24; *Pinkstaff v. People*, 59 Ill., 148. 4. Counsel also argued that the amount recovered was excessive, and that interest upon the balance found due should not have been allowed, citing *Yates v. Shepardson*, 39 Wis., 173; *Lusk v. Smith*, 21 id., 27; *Shipman v. State*, 44 id., 458; *Gilman v. Vaughan*, id., 646.

*G. W. Allen*, for the respondent:

1. It is no defense that a fraud was practiced by one defendant upon another, if the bond is perfect in form and the plaintiff knew nothing of the deception. 2. The delivery of the bond is admitted by the answer. 3. The two bonds are concurrent, independent securities, and cover different periods and transactions. If otherwise, the judgment in an action on the first bond does not render the issues in this suit *res adjudicatæ*. 4. The computation of the balance due was correctly made, and interest thereon was properly allowed. *Dimond v. Henderson*, 47 Wis., 172.

The following opinion was filed September 21, 1880:

ORTON, J. This suit is brought against William K. Dresser

and his sureties, upon an additional bond given by William K. Dresser as treasurer of school district No. 1 of the town of Sturgeon Bay. The several objections of the appellants to the recovery will be disposed of in their order.

1. The respondent is not interested in the question whether William K. Dresser committed a fraud on his sureties in obtaining their signatures to the bond upon the condition that he would procure one Daniels to sign it also.

2. The execution, delivery and approval of the bond are alleged in the complaint, and not denied in the answer.

3. The liability of the sureties upon the original bond for the amount here claimed may be admitted, and yet the sureties on this bond, as an additional one, be liable also; and the suit, finding and judgment on the original bond are entirely irrelevant and immaterial to this case, because not pleaded or in evidence.

4. The amount of moneys in the hands of William K. Dresser as such treasurer, at the time of the execution of this additional bond, was shown by his report in evidence, and it was incumbent upon him and his sureties to account for its application or expenditure according to law. No such accounting was made, and both the referee and the circuit court were left to ascertain the amount of the defalcation or *deficit* as best they could, from rather uncertain evidence. The learned counsel of the appellants virtually admits, in his brief, that from the evidence such *deficit* might properly be computed at the sum of about $400, and the learned counsel of the respondent claims that from the evidence at least three several computations of the amount might be made, one of them the amount of the recovery, and the other two much larger amounts; and the computation made by the court is much less than that reported by the referee. Under such circumstances this court would not be justified in disturbing the finding of the court unless it appeared to be clearly erroneous, and it does not so appear.

5. Interest was properly allowed on the amount of the moneys found to be due. Such amount, being ascertainable by computation, could scarcely be called unliquidated; but, if it could be, the rule that interest is not allowable on an unliquidated account for goods or services, is not applicable to this case. *Marsh v. Fraser*, 37 Wis., 149.

*By the Court.*— The judgment of the circuit court is affirmed, with costs.

A motion for a rehearing was denied February 8, 1881.