Butler vs. Kirby.

## BUTLER vs. KIRBY.

*October 3 — October 18, 1881.*

EVIDENCE. *(1) When proof of payments immaterial.*
WAGES OF EMPLOYEE. *(2) Services to partnership and to surviving partner one cause of action. (3) Limitation of action for monthly wages. (4) Interest recoverable on monthly balances.*

1. In an action for a balance due on a contract for wages, where there is no dispute about the amounts or times of the payments actually made, but only as to the amount of wages which plaintiff was to receive, there is no error in excluding defendant's books containing entries of the payments, the evidence being immaterial.

Butler vs. Kirby.

2. Services, part of which were rendered to a firm of which defendant is the surviving partner, and the other part, under the same contract, to defendant alone, may be sued upon as a single cause of action.

3. Where one employed by the month, and entitled to his wages at the end of each month, fails to collect them and continues in such employment by the month for more than six years, that part of the wages which accrued more than six years before suit, is barred by the statute.

4. In such a case, the monthly balances being readily ascertainable by computation, plaintiff is entitled to interest on each balance from the time when it accrued.

APPEAL from the County Court of *Milwaukee* County.

Action commenced August 12, 1878, to recover a certain sum for work and labor done by the plaintiff as an employee in defendant's livery stable in Milwaukee, from January 1, 1866, to January, 1878, under an agreement made with the firm of J. & H. B. Kirby. It appears that said firm was dissolved by the death of H. B. Kirby, in August, 1873. The answer was, in substance, that so much of said work as was done prior to August 31, 1873, was done for the partnership, and that the defendant was not liable therefor; that as to all work done before August 14, 1872, the demand was barred by the statute; that for plaintiff's services to defendant since August 31, 1873, there was due the sum of $35 and no more, which sum was tendered; that defendant never at any time agreed to pay plaintiff $48 per month (as was alleged in the complaint); and that after the partnership was dissolved, plaintiff continued to work for $40 per month up to August 18, 1877. There was also a general denial of all facts not admitted.

The cause was tried by a referee, whose report was confirmed, and judgment entered thereon in favor of the plaintiff; from which the defendant appealed.

*John A. Wall* and *J. P. C. Cottrill*, for the appellant.

*John J. Orton*, for the respondent.

CASSODAY, J. We have carefully read and reread all the testimony in this case; but as a discussion of the question of

.fact involved can be of no benefit to any one, we refrain from incumbering the reports by such analysis.    From a preponderance of the evidence we are forced to believe that in June, 1866, and while the plaintiff was at work for the defendant's firm at $40 a month in their livery business, he was offered $50 a month by the witness Weatherbee, and he thereupon, in effect, informed the defendant of such offer, and of his intention to accept the same and quit the employment of the firm, and that finally the defendant offered the plaintiff $48 a month and a new suit of clothes, which offer the plaintiff accepted, and thereupon continued work under that arrangement for the firm until the death of the defendant's son, and after that continued to work for the defendant, without any new arrangement, until the latter part of November, 1876.  The defendant substantially admits that the conversation took place as stated by the plaintiff, but insists that there was no bargain made to pay him $48 per month, and concedes that the plaintiff was offered $50 a month by Weatherbee, and offered to remain with him for $48, and that he then said to him: "Jim, I've always used you well, and shall."   The plaintiff concedes that he received about $40 of each month's wages during the entire time, and claims that there is still due him on each month's wages for the entire time from $8 to $10, with interest on such sums from month to month as the same accrued.   The defendant insists that the agreement was only to pay the plaintiff $40 a month, and that it had all been paid except $35, which had been tendered.    With the issue thus narrowed, the exclusion of the book containing entries of payments was not error, because the evidence it contained was immaterial, as there was no dispute about the payments, and the fact of the regularity of the payments was admitted.   The only issue of fact was, whether the plaintiff, by the agreement, was to receive $40 or $48 per month.

It is urged that, because a portion of the services were rendered to the defendant's firm, and a portion to him personally

after the death of his son, there were two different causes of action improperly united. But it was held by Lord Chief Justice HOLT, in *Hyat v. Hare*, 1 Comb., 383, that "if there be two partners in trade, and one of them buy goods for them both, and the other die, the survivor may be charged by *indebitatus assumpsit* generally, without taking notice of the partnership, or that the other is dead and he survived." This was followed by *Goelet v. McKinstry*, 1 Johns. Cases, 405. In *Richards v. Heather*, 1 Barn. & Ald., 29, the facts were substantially the same as here. The declaration was for work and labor, containing only one set of counts, charging the defendant in his own right; and, at the trial, the plaintiff proved two distinct demands, one due from the defendant individually, and the other for work done for himself and another, who was dead; but a verdict was directed for the whole, and the same was sustained by the king's bench. The rule would seem to be elementary. 2 Collyer, L. of P., § 734. The same rule exists under the code. *Voorhis v. Childs' Ex'r*, 17 N. Y., 356; *Lachaise v. Libby*, 13 Abb. Pr. R., 6; *McVean v. Scott*, 46 Barb., 384; Moak's Van Santv. Pl., 146, *193.

The action was commenced before the present revision, and the answer sufficiently pleaded the statute of limitations to so much of the plaintiff's claim as accrued prior to August 14, 1872, as not having accrued within six years before the commencement of the action. The only question, therefore, is, whether the statute is applicable to such a case. It is very evident, from the plaintiff's own statements, that he worked by the month, and that his wages became due at the end of each month, and that at least eight dollars per month of each month's wages remained unpaid. From these statements it would seem that the balance due on each month's wages remained as a distinct debt, due at the end of the month. Can the aggregate amount accruing prior to August 14, 1872, be connected with the subsequent services as a running account or as an entire contract? The case presented is much stronger

than *Davis v. Gorton*, 16 N. Y., 255; for here the agreement was to pay at the end of each month, while there such agreement was left to presumption; but the statutory bar was enforced. To the same effect are *Rider v. Rubber Co.*, 5 Bosw., 85; *Turner v. Martin*, 4 Robertson, 661; *Mims v. Sturtevant*, 18 Ala., 359. In *Phillips v. Broadley*, 11 Jurist, 264, an attorney was employed to raise money on mortgage, and by direction of his employer applied to several persons for that purpose, and communicated from time to time with the defendant, and in a suit for his services the statute of limitations was pleaded. LORD DENMAN, C. J., giving the opinion of the court, said: "As to the first point, it appeared by the plaintiff's bill that certain items relating to a transfer of a mortgage occurred more than six years ago, and other items relating to the same matter were within six years; and it was contended that the whole must be taken to be done under one contract, and that there was no cause of action in respect of any till all were complete. There was no evidence except the bill itself, and the language of that leads to a different conclusion; therefore the items beyond the six years should be disallowed, and the verdict reduced" accordingly. In the light of these authorities we must hold that where a person employed by the month is entitled to his wages at the end of each month, but fails to collect the same, and continues such services by the month for more than six years, the statute of limitations is a good bar to so much as accrued more than six years prior to a suit therefor.

The amount of each month's wages being definitely fixed by contract, and the monthly balances being readily ascertainable by computation, the plaintiff is entitled to interest on such balances as they accrued from time to time. *School District No. 1 v. Dreutzer*, 51 Wis., 153.

The result is, that the plaintiff is entitled to recover, and only entitled to recover, eight dollars per month for each month's service rendered after August 14, 1872, together with

interest upon such monthly balances, and the further sum of $35, conceded by the answer to be due for services during the time, on the assumption that the plaintiff was only to have $40 per month.

*By the Court.*— The judgment of the county court is reversed and the cause is remanded with directions to enter judgment in accordance with this opinion.

ORTON, J., took no part.