## James B. Leal jr. v. Mary J. Terbush.

*Rescission of deed for mistake as to title.*

One who purchases under a warranty deed, containing covenants of seizin and quiet possession, cannot rescind the bargain on the ground of a mistake as to the vendor's title if the mistake does not go to the entire consideration ; as where he supposed the vendor had title in fee-simple, instead of a mere life estate.

Error to Oakland. (Stickney J.) Oct. 18.—Dec. 20.

Assumpsit. Plaintiff brings error. Affirmed.

*E. H. Sellers* and *Atkinson & Atkinson* for appellant. Mutual mistake in regard to title is ground for relief: *Smith v. Robertson* 23 Ala. 312; *Hynes v. Campbell* 6 Mon. 286; *Bowlin v. Pollock* 7 Mon. 26; and money voluntarily paid under mistake of fact is recoverable at law or in equity unless all inquiry has been waived: *Scott v. Warner* 2 Lans. 49; *Boon v. Miller* 16 Mo. 457; *Kelly v. Solari* 9 M. & W. 54; *Townsend v. Crowdy* 8 C. B. (N. S.) 476; an action for money had and received will lie whenever defendant has in his possession money which in equity and good conscience belongs to plaintiff: *Lillibridge v. Tregent* 30 Mich. 114; *Beardslee v. Horton* 3 Mich 560; *Spencer v. Towles* 18 Mich. 9; *Moore v. Mandelbaum* 8 Mich. 433; *Ela v. Am. Merch. Union Exp. Co.* 29 Wis. 611; *Woodward v. Hill* 6 Wis. 143; *Maxwell v. Longenecker* 82 Ill. 308; *Bradford v. Chicago* 25 Ill. 411.

*Augustus C. Baldwin* for appellee.

Cooley, J. The argument in this case was mainly upon the construction of a devise and whether parol evidence was admissible to aid in the construction. It appears that in March, 1873, Joel Craft, who was then husband to the defendant, made his last will which contains the following clause:

"After the payment of my just debts and funeral expenses I give, devise and bequeath to my beloved wife, Mary Jane Craft, all my real estate, and all my personal property of whatever nature or kind; also all moneys and credits I give and bequeath to my beloved wife; and in case of her death, then all my real and personal estate shall be divided equally among my children."

The testator died soon after, leaving children who still survive, and the will was duly probated.

In March, 1882, plaintiff purchased of defendant a parcel of land which had belonged to her husband and to which

she had no title except under the will. A deed was given to consummate the purchase. A copy of the deed is not given in the printed record, but it is stated to be a common warranty deed, short form, and it may therefore be assumed that it contained covenants of seizin and of quiet possession.

It does not distinctly appear whether plaintiff took possession under his deed, but in the month following its date he tendered to defendant a quitclaim deed of the premises duly executed by himself and demanded back the sum of five hundred dollars which he had paid as the purchase price. Repayment was refused, and this suit was then instituted. The declaration contains only the common money counts, and the bill of particulars specifies as the cause of action, "money paid by said plaintiff to said defendant as the purchase money of a certain piece or parcel of land [describing it] and the sale of which property was subsequently rescinded by the plaintiff because of the fraud of the said defendant, and the mutual mistake of the parties as to the title of the defendant."

The discussion upon the construction of the will has been very elaborate and thorough, and it may be matter of regret that in the view we take of the case we are not at liberty to follow it with a view to an expression of opinion upon the interesting question discussed. The circuit judge was of opinion that on any view which might be taken of the will the plaintiff had no case ; and we discover no ground on which the correctness of this opinion can be questioned.

The plaintiff made no attempt to show that defendant had been guilty of any fraud, and we must therefore assume that defendant made the sale and received the consideration money in good faith. The case for the plaintiff must therefore stand upon the ground that he bought the land under the mistaken belief that defendant had title in fee when her actual estate was for life only. Upon this ground he claims a right to rescind his purchase and reclaim his money, upon the principle that a contract entered into under a mistake of facts is void, and money paid upon it may be treated as money paid without consideration.

It is to be observed, however, that the only mistake which is pretended in this case is one which goes to the construction and legal effect of the will of Joel Craft. This will was matter of record when the purchase was made, and the question arising upon it and in respect to which the mistake is alleged, was purely a question of law. It may be doubtful, therefore, if the principle the plaintiff invokes is applicable to the case ; for while mistake of fact may be alleged in avoidance of a contract, mistake of law, as a rule, is not available for that purpose.

But whether the mistake in this case is considered as one of law or one of fact the plaintiff's case must fail, because it does not go to the whole consideration of the contract, but is partial only. He bought, as he alleges, under the belief that defendant owned the land in fee, and he finds on investigation that she owns for life only. But as tenant for life her deed conveyed to him the present freehold, and no one can disturb him in the enjoyment so long as she is living. Moreover, he appears to have provided against the contingencies of her title falling short of the complete fee by requiring of her covenants for his protection ; and though these, as we have said, are not set forth in the record, we must suppose they give a right of action for the very defect in the title which the plaintiff claims to have discovered. But whether that is so or not it is certain that the parties took into consideration possible defects in the title and bargained in respect to them. If they were not expressly mentioned in the course of their negotiations, it is immaterial ; for their contract, which we must suppose was deliberately made, covers them.

We have, then, a case in which a party bargaining for land has received a conveyance which gives him present seizin, and covenants which assume to protect him in the enjoyment of the land. The conveyance purports to be in fee, and the assurances we must suppose are to him, his heirs and assigns. The plaintiff has therefore received value for the money paid; and if not to the full extent of the payment, the deficiency is uncertain and dependent on

contingencies, and does not go to the entire consideration. If this contract can be rescinded on the ground of mistake of fact, then every purchase of land the title to which proves in any respect defective must be subject to rescission also, unless the parties have expressly bargained with mutual knowledge that defects existed. If this were the law, covenants would be of little importance.

The plaintiff has directed our attention to no authorities which can support this action, and we know of none. The general rule is that the action of assumpsit will not lie to try the title to land. *Hogsett v. Ellis* 17 Mich. 351; *Codman v. Jenkins* 14 Mass. 93; *Boston v. Binney* 11 Pick. 1; *Baker v. Howell* 6 S. & R. 481; *King v. Mason* 42 Ill. 225; *Marshall v. Hopkins* 15 East 309; *Newsome v. Graham* 10 B. & C. 234. If the supposed conveyance had been altogether void by reason of there having been no such land (*D' Utricht v. Melchor* 1 Dall. 428) or because the instrument itself was a mere nullity (*Tollenson v. Gunderson* 1 Wis. 113) or because the deed was given to carry into effect an execution sale which was void (*Putnam v. Westcott* 19 Johns. 73) or if the trade had been brought about by fraud, and the vendee had rescinded it on that ground, as he lawfully might (*Early v. Garrett* 9 B. & C. 928; *Vining v. Leeman* 45 Ill. 246; *Warren v. Tyler* 81 Ill. 15; *Masson v. Bovet* 1 Den. 69) the right to reclaim the money in this form of action might be admitted. But in this case there is no ground for claiming that the conveyance was void either because ineffectual in itself or because of the vendee having been induced by fraud to accept it. The deed unquestionably conveyed something, and it contained covenants which were designed to protect all it assumed to convey. The mistake of the parties, if there was any, did not go to the entire consideration of the purchase. The purchaser is not therefore at liberty to rescind because of it. *Buckles v. Northern Bank of Kentucky* 63 Ill. 268; *Templeton v. Jackson* 13 Mo. 78.

The judgment must be affirmed with costs.

The other Justices concurred.