## McCUISH v. SMAIL.

Defendant purchased lumber in car-load lots on 60 days' credit, agreeing to pay interest on the balance remaining unpaid on each consignment after the same became due. Several statements of account, in which interest was charged, were presented to defendant and asssented to. *Held*, that Comp. Laws, § 3721, requiring a settlement of accounts before interest can be charged, applies only to unliquidated claims, and does not exclude interest on accounts stated monthly and assented to by the debtor, and plaintiff is entitled to interest on the amount remaining unpaid by defendant after the expiration of 60 days.

(Opinion filed July 11, 1900.)

Appeal from circuit court, Day county. Hon. A. W. CAMPBELL, Judge.

Action by D. J. McCuish, assignee of the Stillwater Lumber Company, against E. W. Smail, for a balance due the

assignor on account of sales of lumber. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Sears & McCoy*, for appellant.

*J. H. Perry*, for respondent.

Fuller, P. J. This case, tried to the court without a jury, resulted in a judgment of $650; and whether respondent, as the assignee of the Stillwater Lumber Company, is entitled to interest on account of lumber sold to appellant in car-load lots on 60 days time, and shipped pursuant to his order at frequent intervals from May, 1886, to October, 1890, is the only question presented by this appeal. It reasonably appears from the evidence, and the court, in effect, found, that appellant, in accordance with the the company's regular terms, agreed to pay the contract price of each car or consignment within 60 days from the date of shipment, together with interest upon any balance remaining unpaid "upon each car or consignment, after the same became due, until such time as such balance was extinguished by payment, or, in case of partial payment after due, then upon such balance to the time of such partial payment; then deducting the payment and forming a new balance." That the lumber was ordered in car-load lots and bought on 60 days' time in each instance is undisputed, but the contention on behalf of appellant is that the various transactions shown by the general statement offered in evidence constitute an open, current account covering the entire period of his business relation with the lumber company, terminating in October, 1890, and that in the absence of a final settlement of the entire account by which the balance due was ascertained, respondent, by reason of Section 3721 of the Compiled Laws,

is entitled to no interest.   Subdivision 2 of this provision fixes the rate at 7 per cent. per annum on the amount "due on any settlement of account, from the day on which the balance is ascertained," but does not, in our opinion, preclude the parties from agreeing upon a time when bills rendered shall mature, and draw interest thereafter until paid.   The statute relates to unliquidated claims, not to accounts stated monthly and assented to by the debtor.   It appears from the evidence that numerous statements were rendered from time to time, showing charges for interest accrued on the amount of respective overdue invoices, and appellant, in response thereto, made payments without offering the slightest objection.   In the absence of an agreement as ts the time when bills for goods sold in a manner similar to the present should mature, it was held in Massachusetts that by receiving such bills, containing charges for interest, without objection, the debtor, by his silence, impliedly agreed to pay legal interest according to the terms stated.   Rope Co. v. Brigham (Mass.) 49 N. E. 1022. According to the express terms of the contract, the purchase price of each car of lumber supplied became due in 60 days, and during the entire course of dealing appellant made payments with actual knowledge that interest was charged after 60 days, and included in each monthly statement of past-due accounts.   Concerning the matter the treasurer of the Stillwater Lumber Company testified in part as follows:   "I know defendant.   Met him at Webster, S. D., October, 1888.   I went to look after Stillwater Lumber Company accounts.   I had an account against him, and went to see him about it.   He owed the company— I do not remember the balance.   Our company sold all its lumber on sixty days' terms.   It was our rule to

send a statement every month. Our sales were made due in sixty days, with interest thereafter at eight per cent. if not paid when due, and the account I had with me [him] at that time was figured that way. Defendant told me he had abundant property and accounts and notes due him to pay all he owed; that onr claim was drawing eight per cent. interest, and all his accounts were drawing ten and twelve per cent.; and that our claim was safe and would be paid. He never disputed our account. He made no objection to paying the interest on each bill after the sixty days. He said he would pay the account as fast as he collected, that he was buying all his lumber from us, and said nothing about changing our terms." The terms of sale and price of each car of lumber being agreed upon, each shipment may be severally considered, for the purpose of ascertaining by computation the interest due upon monthly balances to which respondent is entitled according to the course of dealing and clear intention of the parties. An open, running account implies an indefinite credit, requiring a settlement or suit to determine the amount or ascertain the balance, but where there is a purchase of something at a specified price and upon a definite term of credit, agreed upon or implied from custom, interest is chargable from the expiration of such term; and the fact that frequent purchases of the same nature are made in no manner relieves the debtor from the performance of all the law requires of him in a particular case. Butler v. Kirby. 53 Wis. 188, 10 N. W. 373; Tootle v. Wells (Kan.) 18 Pac. 692; Warren v. Tyler, 81 Ill. 15; Pruyn v. Black, 21 N. Y. 303; Allen v. Nettles' Adm'r (La.) 2 South. 602. According to appellant's own testimony, each car or consignment was bought on 60 days' time, and the law imposes

the legal rate of interest as damages for a failure to discharge a debt when it ought to be paid. 1 Suth. Dam. 596. After these several amounts became due according to the mutual understanding of the parties, the ethics of fair dealing would require appellant to pay the legal rate of interest; and the fact that the court computed such interest at 7 per cent. instead of 8 per cent., the rate tacitly agreed upon, presents nothing of which he can be heard to complain. The judgment appealed from is affirmed.