SUSAN M. CRAWFORD v. WILLIAM H. OSMUN.

[See 70 Mich. 561.]

*Accounting—Costs—Exceptions to findings.*

1. Where neither party has been entirely blameless in bringing about and continuing the litigation resulting in a decree for an accounting, the Court will be disposed to let each pay his own costs of such accounting.

2. Exceptions to a commissioner's report on an accounting had before him should be specific, and point out wherein the item objected to is not correct, or why it should not have been allowed or disallowed; and hereafter the exception to each item of such a report must specifically and definitely set forth the grounds of the objection, or the exception will not be considered.

3. As to the proper methods of excepting to a referee's report upon an accounting, see *Emerson v. Atwater*, 12 Mich. 323; *Barnebee v. Beckley*, 43 Id. 617.

4. In examining the account as stated by the commissioner on an accounting, the Court will act upon the presumption that his report is correct, and will only disturb his findings when fully satisfied that he is in error upon the proofs, or has made a mistake, such as the duplicating of a charge against either party.

Appeal from Shiawassee. (Newton, J.) Argued November 20, 1891. Decided February 5, 1892.

Bill to redeem. Complainant appeals from a decree confirming the report of the commissioner on an accounting. Decree modified and affirmed. The facts are stated in the opinion.

*E. D. Kinne, F. A. Baker,* and *J. W. Turner,* for complainant.

*Aug. C. Baldwin ( G. R. Lyon,* of counsel), for defendant.

MORSE, J. This case comes here on an accounting directed by us when it was here before. *Crawford v. Osmun,* 70 Mich. 561. It was there ordered that the defendant would be entitled, upon such accounting, to the amounts paid upon the Woodard contract and the mortgage to Kilpatrick; also whatever he paid to Gould to settle the litigation with him, and counsel fees paid to Judge Baldwin in such litigation and $850 paid to complainant; that he would be entitled to 7 per cent. interest on all advances and lawful payments, and must account to complainant for the rents and profits of the real estate involved in the controversy; that he would also be entitled to taxes and necessary expenses to keep up the property.

The matter of accounting was referred by the court below to Curtis J. Gale, Esq., a circuit court commissioner. He commenced taking testimony April 2, 1889, and made his report April 25, 1890. The commissioner made his report by years, commencing with the year 1878, and ending in the year 1888, adding interest on each item at 7 per cent. up to February 1, 1890. He found the payments made by defendant, with the interest as aforesaid, to amount to $20,092.12, and the total credits to complainant for rents and profits, with interest as aforesaid, to amount to the sum of $10,322.31. Exceptions were taken by complainant to this report, which were overruled by the court below. The commissioner also reported that the cost of the accounting amounted to $1,757.51, the whole amount of which had been paid by the defendant; and that, if each party ought to pay their own costs, the amounts would stand: Complainant's costs, $990; defendant's costs, $767.51.

The court below decreed that the balance of the account was $9,769.81 in favor of the defendant, to which should be added the costs of complainant, paid by defendant,

$990, making a total of $10,759; and that the complainant pay the same to the defendant, with interest at the rate of 7 per cent. per annum from the 25th day of April, 1891, together with the costs of accounting incurred by the defendant, on or before six months from the 31st day of January, 1891, and, in default of such payment, that the mortgaged premises, or so much thereof as may be sufficient to raise the amount due defendant, be sold at public auction, under the direction of a circuit court commissioner, at any time after the 1st day of August, 1891, in the usual manner and procedure upon foreclosure sales in chancery.

One objection made to this decree is the matter of costs. We see no reason why the complainant should pay defendant's costs of accounting. The complainant's share, as reported by the commissioner, is added to the amount found to be due to defendant, and that is all she ought to pay in any event. Complaint is made that the costs are excessive, and it would so appear to us; but, as there is no *data* in the record by which we can ascertain whether they are correct or not, we are powerless to remedy it. It is urged by complainant's counsel that, inasmuch as the defendant was in fault in claiming the deed of the premises to be an absolute conveyance, the whole cost of the accounting should be assessed against him; but we are disposed to let each party pay his or her own costs of the accounting, as neither has been entirely blameless in bringing about and continuing the litigation between them.

The defendant's counsel contend that the exceptions taken to the commissioner's report do not conform to the well-established rules of practice in such cases. This is true. The exceptions are general, and not specific. The court is not aided by the majority of the exceptions.

The items are simply excepted to, without pointing out wherein they are not correct, or why they should not have been allowed or disallowed.    Under the circumstances, we should have been justified in refusing to examine this account at all, but, desirous of doing justice, we .have endeavored, as best we could, to examine such exceptions as have been referred to and specifically pointed out in the brief of complainant's counsel.    It is. not by any means certain that we have arrived at a just conclusion.    The account involves not only the dealings from 1878 to 1885, between the parties, but the collection of rents from, and the payment of expenses upon, the property, lot 8, in block 22, of the village (now city) of Owosso, from 1878 up to 1889.    Almost every item in the commissioner's account is excepted to, and most of the controversy rests entirely upon the testimony of the parties interested in the dispute.    This case must not be considered as a precedent for any examination of this kind in the future in any case.    The objection to each item of an accounting must hereafter specifically and definitely set forth the grounds of the objection, or the exception will not be considered.    As to the proper methods of excepting to a referee's report upon an accounting, see *Emerson v. Atwater*, 12 Mich. 323; *Barnebee v. Beckley*, 43 Id. 617.    We have been called upon to examine several hundred disputed items, and to search a record. of 800 pages to find the evidence bearing upon such items, and it has been a wearisome and unsatisfactory work.

The complainant contends that the defendant ought not to be allowed interest beyond July 1, 1888, when, it is alleged, he refused to come to an amicable agreement, and thereby made this accounting necessary; but we think the commissioner was correct in the matter of

interest. The fault of this contention as to the accounting is not so plain as to warrant the punishment of either party by denying interest upon any of the items, and the complainant has not been obliged to pay compound interest by the striking of yearly balances. In examining this account, we have acted upon the presumption—as we are bound to do in cases of this kind—that the report of the referee is correct, and have disturbed his findings only when fully satisfied that he was in error upon the proofs, or had made a mistake, such as the duplicating of a charge against complainant.

We shall not go into details as to our examination and findings. There will be deducted from the referee's finding of the amount of moneys paid out by defendant for complainant the sum of $1,404.58; $608.78 of this sum is deducted from the amount allowed defendant for the value of his time and expenses to Owosso to collect rents, etc., the amount fixed by the commissioner being that sum greater than he is entitled to, in our opinion. We also cut down one-half the amount allowed for grading and building walk in 1882. This accounts for the further sum of $220.93 in this deduction. The other items are small, and too numerous to be mentioned. We also find that defendant's debit to complainant for rents received should be increased in the sum of $1,777.65. In arriving at these figures we have computed interest on each item, making up the aggregate in the same manner as did the commissioner in his report. This makes a total deduction from the findings of the commissioner of $3,182.23.

The decree of the court below will be modified by deducting this sum of $3,182.23 from the sum stated in the decree, $10,759, thus leaving the sum to be paid by the complainant to the defendant $7,576.77, with

interest at the rate of 7 per cent. per annum from April 25, 1891; the .complainant to have six months from the 1st day of February, 1892, in which to pay the same, and, in default of such payment, the premises to be sold in the manner as provided in the decree at any time after the 1st day of August, 1892.

The complainant is decreed the costs of .this Court.

MCGRATH, LONG, and GRANT, JJ., concurred. CHAMP-LIN, C. J., took no part in the decision.

————

A motion by defendant for an amendment of the decree entered in this cause came on to be heard May 13, 1892, and on May 13 the following opinion was filed:

PER CURIAM. A motion has been made and presented to us on briefs for an amendment to the decree heretofore filed in this cause. It appears that in the decree of the circuit court a mistake was made in naming the date of the commissioner's report. It was recited as being of the date of April 25, 1891, when in fact it was filed a year earlier. In the decree below interest was allowed from the date of such report. Following this mistake, interest was allowed in the decree in this Court from April 25, 1891, when it should have run from April 25, 1890. The decree will be amended by inserting "April 25, 1890," in lieu of "April 25, 1891," and this will give the defendant one year's interest at 7 per cent. upon $7,576.77, to wit, $530.37. This amount must be paid by complainant to defendant in addition to the amount stated in our decree. But as it is claimed that a tender has been made of the amount stated in such decree, this amendment of the decree will not be permitted to interfere with said alleged tender,

but the defendant will not be obligated to reconvey the premises to complainant until this amount, $530.37, is paid or tendered by complainant to defendant.

MONTGOMERY, J., took no part in this motion.