[No. 746.   Decided April 14, 1893.]

EDWARD J. DWYER, *Respondent*, v. HENRY RABORN, *Appellant*.

### REAL ESTATE BROKERS — COMMISSIONS.

Where land is placed in the hands of a real estate broker for sale on certain terms, and the broker introduces to the owner prospective purchasers, who refuse to buy the land on such terms, but take an option on it for sixty days, the broker is not entitled to any commission.

*Appeal from Superior Court, Snohomish County.*

*Bell & Austin*, for appellant.

*Frater & Coleman*, and *Hawks & Heffner*, for respondent.

The opinion of the court was delivered by

HOYT, J.—This action was brought to recover compensation alleged to be due under a special contract between the plaintiff and the defendant, by which it was agreed that if the plaintiff would negotiate a sale for the defendant of certain lands, upon terms then agreed upon, the defendant would pay him for his services in so doing the sum of $500. The question presented to the jury was as to whether or not there had been a substantial compliance with the terms of the agreement upon the part of the plaintiff.

Much of the discussion in this court has been upon the question as to the liability of an owner of property to a real estate agent who has had the property for sale upon certain express terms, and, in his attempt to make a sale thereof in accordance with such terms, has brought the owner and certain persons together, and the owner has made a sale to such persons upon terms somewhat differ-

ent from those upon which the agent had had it for sale. But in view of the proofs shown by the record, such question is not in this case. There was no proof that a sale had been consummated. The plaintiff introduced in evidence two certain instruments in writing, and, aside from what is shown by them, there was absolutely no proof that the persons introduced by the plaintiff ever bought, or were ready and willing to buy, the lands, upon the terms upon which they were given to plaintiff to sell, or upon any terms whatever. The learned judge of the court below construed the contract entered into on the 12th day of May as a binding contract for the sale of the property, and instructed the jury to that effect, and if the instruction based upon such contract was correct there could probably be little fault found with his other instructions. The theory upon which he allowed the case to go to the jury was founded upon such construction of said contract, and all other questions were largely incidental to that principal one. We have carefully examined said contract, and are unable to construe it as did the court below. In our opinion it simply gave, to those proposing to purchase, an option upon the lands, for the period of sixty days, for the sum of $500, and that they were in no manner bound by said contract to take the land at the price agreed upon, or at any other price. The only liability which they incurred, under the terms of the contract, was the forfeiture of said $500. It follows that the making of said contract between the defendant and the persons introduced by the plaintiff in no manner effected a sale of the land.

What has been said as to this contract is equally true as to the other one offered in evidence, and, as we have already seen that there was no other evidence in the case tending to show such a performance of the conditions of the contract on the part of the plaintiff as would entitle him to his compensation, there was nothing upon which the case should

have been submitted to the jury. If the court had been asked to instruct the jury to return a verdict for the defendant, it would have been error to have refused such instruction. But as no such request was made we cannot now finally dispose of the case, and can only reverse the judgment, and remand the cause for a new trial.

STILES, SCOTT and ANDERS, JJ., concur.

DUNBAR, C. J.—I think the judgment of the court below was right and should be affirmed.