CHARLES H. LAWRENCE

*v.*

WILLIAM M. RHODES.

*Opinion filed December 20, 1900.*

1. BROKERS—*what necessary to entitle real estate broker to commission.* To entitle a real estate broker to commission he is bound to produce a person who is willing to enter into a valid, binding and enforceable contract for the purchase of the property, and not one willing merely to take an option to buy, or forfeit earnest money.

2. SAME—*when real estate broker does not effect a sale.* A real estate agent employed to effect a sale is not entitled to commission where the party whom he introduces as a buyer enters into a contract giving him the option to withdraw therefrom by forfeiting the earnest money, which course he pursues after declining to accept the title, although the money so forfeited is afterwards refunded by the other party to avoid litigation.

3. EVIDENCE—*broker relying upon executed contract must show full performance.* A real estate broker, relying upon an executed contract as entitling him to commission, can recover only by showing full performance of the contract upon his part.

MAGRUDER, J., dissenting.

*Lawrence* v. *Rhodes*, 87 Ill. App. 672, reversed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

MARSTON, AUGUR & TUTTLE, for appellant:

The fact that a sale or exchange of property is finally brought about by the efforts of the principal or another broker with a person with whom the first broker had previously negotiated without success, will not furnish a legal basis for a claim for commissions by the first broker, especially when it appears that the first broker has for a long time ceased negotiations with the purchaser and abandoned all efforts to induce him to take the property on the proposed terms. *Carlson* v. *Nathan*, 43 Ill. App. 364; *Singer & Talcott Stone Co.* v. *Hutchinson*, 61 id. 308.

In construing a contract the court will put itself in place of the parties, and read it in the light of the objects the parties had in view and the surrounding circumstances. *Street* v. *Chicago Wharfing Co.* 157 Ill. 605.

A person, to be entitled to compensation under a contract, must have performed the undertaking assumed by him. Whatever be the terms and conditions upon which his right to compensation depends, they must be performed as a condition precedent to a right of action for such compensation. This is true of real estate brokers as well as of other persons. *Frazer* v. *Wycoff*, 63 N. Y. 448.

A broker may, by special agreement with his principal, so contract as to make his compensation dependent on a contingency which his efforts cannot control, even though it relates to acts of his principal. *Hinds* v. *Henry*, 36 N. J. L. 328.

BULKLEY, GRAY & MORE, for appellee:

The judgment of the circuit court, and the affirmance of the same by the Appellate Court, are sustained by the following authorities: *Wilson* v. *Mason*, 158 Ill. 304; ·*Leete*

188—7

v. *Norton,* 43 Conn. 226; *Duclos* v. *Cunningham,* 102 N. Y.
678; *Ware* v. *Cobb,* 148 Mass. 518; *Alvord* v. *Cook,* 54 N. E.
Rep. 499; *Willis* v. *Smith,* 55 N.W. Rep. 666; *Foster* v. *Winn,*
51 Ill. App. 40; *Chipley* v. *Leathe,* 60 Mo. App. 15; *Granger*
v. *Griffin,* 43 Ill. App. 421; *Lang* v. *Hand,* 57 id. 134; *Singer*
v. *Hutchinson,* 83 id. 668; *Green* v. *Hollingshead,* 48 id. 195;
*Frestedt* v. *Dietrich,* 84 id. 604.

A real estate broker who has produced a purchaser
acceptable to his principal, and with whom the principal
enters into a valid and binding contract, is entitled to
his commission, even though the vendee afterwards re-
fuses to execute his part of the contract of sale or pur-
chase.    *Mason* v. *Wilson,* 158 Ill. 304.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action of assumpsit brought by appellee,
against appellant, in the circuit court of Cook county, to
recover compensation for the sale of certain real estate.
Appellee recovered a judgment for $1500, which has been
affirmed by the Appellate Court for the First District,
and appellant has appealed to this court from such judg-
ment of affirmance.

The appellant authorized the appellee to effect a sale
of a certain sixty-acre tract of land of which he was the
owner, located in Cook county, by virtue of the follow-
ing instrument in writing:

"*William M. Rhodes, Esq.:*              "CHICAGO, *May 31, 1890.*

"DEAR SIR—I hereby agree that if you effect a sale of the
S. W. ¼ sec. 25, T. 39 N., R. 12 east of the 3d P. M., except the
W. 100 acres, (subject to C. B. & Q. right of way,) at $750 per
acre or better, to pay you 2½% on $750 per acre and one-half of
all above that amount, on closing the sale.

                                        CHARLES H. LAWRENCE."

Soon after obtaining such authority, appellee brought
together the appellant and one Samuel E. Gross, a pros-
pective purchaser, with whom appellant on the 11th day
of June, 1890, entered into a contract in writing with ref-
erence to the sale of said lands at the sum of $800 per

acre, of which sum $1500 was paid in cash at the time
of the execution of the contract, $10,500 in cash was to
be paid on the delivery of a deed, and the balance of the
purchase price was to be paid in three equal installments
maturing in one, two and three years from the date of
sale, the deferred payments to bear interest at six per
cent per annum and to be secured by trust deed upon the
premises.  Said contract, among other things, contained
the following provision: "In case said second party shall
not, upon tender of proper deeds of conveyance to him
and of the abstract above described, make the payment
of the balance of the cash payment, to-wit, ten thousand
five hundred dollars ($10,500), and duly execute, acknowl-
edge and deliver to first party the notes and trust deed
for the deferred portions of the purchase price hereof, as
herein provided, then and in that case this agreement
shall be null and void, and the earnest money paid here-
on may be retained by the first party as payment in full
of all damages for non-performance hereof by said second
party."

Appellant furnished an abstract of title to the prem-
ises to Gross, who, after some considerable delay, refused
to accept the title and close the sale.  To avoid litigation
and prevent the tying up of the sale of the land, which
appears to have been in demand, appellant refunded the
$1500 before that time received by him, and the following
endorsements were made upon the contract and the same
canceled and surrendered:

*"November 14, 1890.*

"Received of Mr. Charles H. Lawrence the sum of $1500,
herein above mentioned as the deposit made on account of said
contract, and release the said Lawrence from all liability un-
der said contract, which is hereby mutually canceled.

S. E. GROSS.  [Seal.]
By MAGRUDER"

*"November 14, 1890.*

"I hereby release Samuel E. Gross from all liability under
the above contract.     CHARLES H. LAWRENCE.  [Seal.]"

Appellee demanded of appellant that he pay him the amount of his compensation for having made a sale of said premises, and upon appellant's refusing so to do brought this suit.

On the trial, after the evidence was all in, appellant moved the court to instruct the jury to find the issues for the defendant, which the court declined to do. The question, as a question of law, was thereby raised whether or not appellee had effected a sale of said premises according to the terms of his employment.

The contention of appellee is, that so soon as the contract between appellant and Gross was signed a sale was effected and he was entitled to his compensation for making such sale. We are of the opinion such contention can not be sustained, and that appellee did not effect a sale by procuring a purchaser who was willing only to enter into a contract which contained the provision above set forth. By the terms of the contract entered into by Gross with appellant, Gross did not purchase the premises and a sale thereof was not thereby effected. By such contract Gross agreed to purchase the premises at $800 per acre or to forfeit $1500, it being optional with him whether he would buy or forfeit the $1500. If he saw fit to forfeit the $1500, as he had the option to do, no sale was effected and no compensation earned by appellee. In order for appellee to comply with his undertaking so as to entitle him to compensation, he was bound to produce a purchaser who was willing to enter into a valid, binding and enforceable contract for the purchase of the premises, and not one who was only willing to take an option thereon.

In the case of *Aigler* v. *Carpenter Place Land Co.* 51 Kan. 718, the defendant employed the plaintiffs to find a purchaser for certain real estate, and authorized them to sell the same for a fixed price and on definite terms. The defendant was to pay a commission of five per cent on the gross amount of the sale. One D. S. Goodhue was introduced as a purchaser and signed a written option to

purchase the real estate for $9724. Afterwards he refused to take the property and forfeited $500 which he paid for his option. The court say: "Under the facts disclosed the plaintiffs were not entitled to their commission of five per cent. In order for a real estate agent to recover a commission from a land owner for the sale of his land, he must find a person ready, willing and able to buy upon the terms proposed,—not one who will take an option only."

In *Kimberly* v. *Henderson*, 29 Md. 512, it is said: "To entitle the plaintiffs to recover their commissions they should have found a purchaser in a situation and ready and willing to complete the purchase according to the terms agreed upon. It is not sufficient for the agent to introduce a person who is willing to make any sort of contract in reference to the property. Here the undertaking failed. A party was produced, it is true, and a contract entered into through the agency of the plaintiff, but of such a character that the party contracting, by the exercise of an option given him, relieved himself of the obligation to complete the purchase and did not in fact become the purchaser."

In *Zeidler* v. *Walker*, 41 Mo. App. 118, it is said: "An agent to sell real estate will not be allowed his commission until he produces a buyer who shall be ready, willing and financially able to make the purchase absolutely on the terms fixed by his principal; and securing a party who makes certain payments on condition that they shall be forfeited to the principal if said party fails to complete the purchase does not amount to a sale, but is a mere option, and does not entitle the agent to recover his commissions."

In *Dwyer* v. *Raborn*, 6 Wash. 213, it is said: "In our opinion the contract offered in evidence simply gave to those proposing to purchase, an option upon the lands for the period of sixty days for the sum of $500, and that they were in no manner bound by the contract to take

the land at the price agreed upon, or at any other price. The only liability which they incurred under the terms of the contract was the forfeiture of said $500. It follows that the making of said contract between the defendant and the person introduced by the plaintiff in no manner effected a sale of the property."

The cases of *Wilson* v. *Mason,* 158 Ill. 304, and *Leete* v. *Norton,* 43 Conn. 319, especially relied upon by appellee, are not in conflict with the authorities above cited. In both of these cases the contract of employment was that of an ordinary broker, in which it was not expressly agreed a sale should be effected, as is the case here, and the appellee did not present a purchaser to the appellant who entered into a "valid, binding and enforceable contract," as he must have done in order to bring himself within the rule as announced in the *Wilson case,* and it was expressly ruled in the *Leete case* that no sale had been effected.

The appellant complains that the court refused to give to the jury, on his behalf, the following instruction:

"The jury are instructed by the court that the plaintiff in this case seeks to recover under the agreement made by the defendant, Lawrence, dated May 31, 1890, which has been offered in evidence as 'Plaintiff's Exhibit A;' that in order to entitle him to recover it must be shown by the plaintiff, by a preponderance of the evidence, that he has fully and completely carried out and performed all of his obligations in said agreement."

This action was brought to recover $2650, compensation claimed to have been earned by a sale of said premises to Gross, and not for the value of services earned upon a *quantum meruit.* The declaration consisted of a special count upon the contract of May 31, 1890, and the common counts. Appellee relied upon an executed contract, and he could recover only by showing a full performance of the contract upon his part. We think, under the authority of *Parmly* v. *Farrar,* 169 Ill. 606, said in-

struction should have been given, and that it was error to refuse the same.

The judgments of the circuit and Appellate Courts will be reversed and the cause remanded to the circuit court.

*Reversed and remanded.*

Mr. JUSTICE MAGRUDER, dissenting.