28  687
38   22
f38  596

[No. 3867.   Decided June 26, 1902.]

ARTHUR D. JONES & Co., *Appellant,* v. HENRY EILEN-
FELDT *et al., Respondents.*

BROKERS — SALE OF LAND — COMMISSIONS UNCOLLECTIBLE ON OPTIONS.

Inasmuch as a real estate broker is entitled to a commission
only upon producing a purchaser ready and willing to enter into a
valid contract of sale for the property in the broker's hands, a
broker could not recover commissions upon a contract entered
into between his principal and a would-be purchaser, by which
the latter agreed to purchase the property at a stipulated sum,
payable in installments, the first of which was to be paid upon
delivery of the contract, which was left with the broker to go
into effect upon the payment of the first installment of the pur-
chase price, no time therefor being fixed, but the agreement being
conditioned that, if such installment were not paid on or before
a certain date, the contract was to be returned to the vendor,
since such agreement is, in effect, merely an option which the
purchaser could refuse.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge.   Affirmed.

*Adolph Munter,* for appellant.

*W. S. Dawson,* for respondents.

The opinion of the court was delivered by

FULLERTON, J.—The appellant, a corporation, brought
this action against the respondent to recover the sum of
$280, alleged to be due it as commissions for the sale of
certain real property.   On the trial of the cause in the
court below, after a jury had been impaneled and sworn,
the court sustained an objection to the introduction of
any testimony on the part of the appellant, on the ground
that the complaint did not state facts sufficient to consti-
tute a cause of action.   The appellant declined to plead

further, whereupon the court discharged the jury, and entered a judgment in favor of the respondent for costs. The sole question presented for our consideration is the sufficiency of the complaint. This is full, and sets forth the entire transaction out of which the liability is claimed to arise. It appears therefrom that in July, 1897, the respondent listed with the appellant certain real property, to be sold for a fixed sum in cash; agreeing to pay in consideration of a sale of the property five per centum of the price asked, as commission for such sale. In June, 1899, the appellant procured a person who professed to be desirous of purchasing the property, whom it introduced to the respondent, whereupon the respondent and the would-be purchaser executed a writing in the form of a contract of sale, by the terms of which the purchaser agreed to purchase the property at a sum agreed upon, payable in installments, the first of which was to be paid in cash upon the delivery of the contract, and the balance at fixed periods. The contract was not delivered, nor was it immediately to go into effect, but was left with the appellant to be delivered and go into effect upon the payment of the first installment of the purchase price. This latter agreement was also expressed in writing, and contained a condition to the effect that if the first installment was not paid on or before July 3, 1899, the contract of sale was to be returned to the respondent. At the time of the execution of this agreement the purchaser gave to the appellant a draft on himself, payable eleven days after date, at Wadena, Minnesota. Subsequently, and before July 3d, he demanded a return of the draft, and asked that the contract be canceled. The draft was not paid before July 3d, or at all, and on July 7th the respondent notified the appellant that he would not attempt to enforce the contract;

informing him at the same time that he had found another purchaser for the property.

To entitle a real estate agent to recover from a land owner a commission for the sale of his land, the agent must find a purchaser able and willing to purchase the property upon the terms under which he is authorized to make a sale, or upon terms satisfactory to the owner, and one who is ready and willing to enter into a valid contract of purchase. It is not sufficient for the agent to introduce a person who is merely willing to take an option upon the property. *Dwyer v. Raborn*, 6 Wash. 213 (33 Pac. 350). Here the writings relied upon to constitute the contract of sale do not have that effect. At most, they gave to the person named therein as purchaser a mere option to purchase, which he could refuse without incurring any liability to the land owner whatsoever. There was therefore no such sale as would warrant a recovery of commissions on the part of the appellant.

The judgment is affirmed.

REAVIS, C. J., and HADLEY, ANDERS, WHITE, MOUNT, and DUNBAR, JJ., concur.