### DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 4756.   Decided January 2, 1904.]

## F. C. LAWRENCE, *Respondent*, v. CORNELIUS PEDERSON, *Appellant*.[1]

NEW TRIAL—QUESTIONS OF LAW ONLY—REVIEWED REGARDLESS OF DISCRETION OF TRIAL COURT—SALES—OPTION—PAYMENT.  In an action to recover commissions for effecting a sale of mining property, where it appears at the trial that only an option had been secured and no sale made thereunder, and a nonsuit is granted, the subsequent granting of a new trial upon the sole ground that the sale had been effected by payment in full since the trial, raises only a question of law, and the ruling is subject to review on appeal without reference to the trial court's discretion.

NEW TRIAL—NONSUIT—PLEADINGS—SUPPLEMENTAL COMPLAINT—NEW CAUSE OF ACTION.  After the granting of a nonsuit because no cause of action existed at the time of the trial, a new trial can not be granted or a supplemental complaint allowed to show a cause of action subsequently arising which did not exist when the action was commenced.

BROKERS — SALES — OPTION — PLEADINGS — SUPPLEMENTAL COMPLAINT INTRODUCING NEW CAUSE OF ACTION.  In an action to recover commissions for effecting a sale, a written contract optional in form, is not evidence of an actual sale, and a supplemental complaint showing a subsequent sale by payment in full under the option introduces a cause of action not existing before, and can not be sustained on the theory that it merely introduces

[1]Reported in 74 Pac. 1011.

new facts showing that the parties construed the transaction as
an actual sale from the beginning.

BROKERS—ACTION FOR COMMISSIONS—OPTION NOT A SALE—
PART PAYMENT UNDER AN OPTION. A broker, whose contract is
to effect a sale, is not entitled to commissions where the con-
tract for the sale of mining property for $56,500 stipulates that
the owner agrees to sell upon the payment of specified amounts
at certain times, without any agreement on the part of the pur-
chaser to pay the amounts, although $2,500 is paid for the privi-
lege of the option, and possession is taken and improvements are
made, and later $5,000 more is paid for an extension, the greater
part of the price still being unpaid and there being no assurance
that it would be paid.

SAME—CONTRACTS—AMBIGUITY—PAROL EVIDENCE AS TO CON-
STRUCTION. Such a contract is in no sense ambiguous and hence
parol testimony as to the construction placed thereon by the part-
ies would be inadmissible, and could not establish the fact that
the parties considered it as a sale from the beginning.

Appeal from an order of the superior court for King
county, Bell, J., entered January 13, 1903, setting aside
a nonsuit entered May 15, 1902, and granting a new trial,
with leave to file a supplemental complaint, upon plaintiff's
showing by affidavits of events occurring since the nonsuit
was granted. Reversed.

*R. F. Lewis* and *Wright & Kelleher,* for appellant.
*Sweeney, French & Steiner,* for respondent.

HADLEY, J.—Respondent brought this action to recover
from appellant the sum of $2,325, alleged to be due and
owing to respondent as a commission for effecting a sale of
certain mining property in Alaska for appellant. The
cause was tried before a jury, and at the close of the plain-
tiff's testimony the defendant moved for a nonsuit. The
motion was granted and the jury discharged. The con-
sideration which induced the court to grant the nonsuit
appears to have been its construction of the written instru-

ment pertaining to the sale of the mining property. That
written instrument is as follows:

"KNOW ALL MEN BY THESE PRESENTS: that this in-
denture, made this 21st day of May, 1900, by and between
Cornelius Pederson, the party of the first part, resident of
Virgen Bay, Prince William Sound, Alaska, and J. D.
Meenach, resident of Seattle, Wash., party of the second
part, WITNESSETH:

"That the party of the first part, for and in consideration
of the sum of forty-six thousand five hundred dollars, law-
ful money of the United States of America, to be paid as
follows: Two thousand five hundred dollars ($2,500) to
be paid at the time of signing this bond, five thousand dol-
lars ($5,000) to be paid on or before the 21st day of May,
1901, after the aforesaid time; viz., 21st May, 1901, the
party of the first part is to receive twenty per cent. (20
per cent.) of the value of the ore, less seven dollars ($7)
per ton, which is to be deducted for shipping and smelting
charges; the party of the first part is to take eleven thou-
sand two hundred and fifty dollars ($11,250) in stock at
par value when issued. The stock to be nonassessable. The
balance, twenty-seven thousand seven hundred and fifty
dollars, is to be paid on or before the 21st day of Novem-
ber, 1902, for and in consideration of the before mentioned
moneys, the party of the first part agrees to sell the follow-
ing described quartz mining property: The Copper King
quartz lode and the Convict quartz lode, situate, lying and
being in Virgen Bay, Prince William Sound, Alaska, and re-
corded in Prince William Sound Mining District, refer-
ence is hereby made to the records of the aforementioned
mining district, for a full and complete description of
above quartz lode. Upon payment being made, the party
of the first part agrees to give to the party of the second
part, good and sufficient deeds for conveying and assuring
the title of above mining property free from all incum-
brances, all of his right, title, interest, claim, and demand,
in and to all of the above mentioned quartz mines. It is
hereby agreed and made a consideration, that the party of
the second part is to commence work on the aforementioned
quartz lodes on or before the 21st day of August, 1900: all

payments to be paid in person, or deposited to the credit of the party of the first part at W. J. Busby's, Blighs Isld., Prince Wm. Sound: in the event of failure of the party of the second part to meet any of the aforementioned obligations, he forfeits all money or improvements to the party of the first part, as a penalty and liquidated damages."

The court construed the instrument to be a mere agreement upon the part of appellant to sell when the proposed vendee should comply with all conditions named, and that the latter was not obligated to buy, but held a mere option to purchase, which he could exercise or not as he chose. It appeared at the trial that the payments had not been made, the time therefor not having expired, and the property had not been conveyed by appellant.

It was contended by appellant, and his view seems to have been adopted by the court, that no sale had yet been effected; that the payment of the balance of the designated purchase price was merely optional with the prospective purchaser; that it might not be paid, and no sale might ever be effected. Respondent's demand for commission was based upon five per cent of the entire selling price, and upon the claim that he had caused an actual sale to be effected. It was the view of the court that a completed sale had not been shown and that respondent was, for that reason, not entitled to recover any commission at that time. Hence the granting of the nonsuit.

The nonsuit was granted May 15, 1902, and thereafter respondent moved for a new trial for alleged errors of law occurring at the trial, particularly specifying that error was committed in withdrawing the case from the jury. The motion was taken under advisement for some months, and, pending a decision thereon, respondent filed a new motion in the nature of a request for a reargument of the motion for new trial. The motion was accompanied by

affidavits to the effect that, since the granting of the non-
suit, the balance of the purchase price of $46,500 had been
paid and the sale completed. The motion renewed the re-
quest for a new trial, and asked leave to amend the com-
plaint or file a supplemental complaint showing that such
final payments had been made. On the 13th day of Jan-
uary, 1903, the court granted a new trial, and also leave to
file an amended or supplemental complaint. The record
shows that the court, in its oral decision, granted the motion
upon the ground that the submitted affidavits showed a
proper case for allowing the plaintiff to file an amended or
supplemental complaint, and for allowing a new trial there-
on. The order afterwards entered in the record contained
the following:

"Now, therefore, it is ordered that the nonsuit hereto-
fore granted be, and the same is hereby, set aside, and the
plaintiff is granted a new trial upon the ground that, as
set forth in the said motion and affidavits, payments have
been made since the commencement of this suit; and the
plaintiff is given permission to file an amended, or supple-
mental complaint, showing the above facts of payment;
subject to the right of the defendant to have the form of
the said amended or supplemental complaint settled by the
court upon motion, demurrer or otherwise in the usual
manner."

This appeal is from said order, and the only assigned error
is that the court erred in making its order granting a new
trial.

Inasmuch as the order appealed from specifies the exact
ground upon which the court granted the new trial, show-
ing that it involved a question of law only and not questions
of fact, appellant therefore urges that no other question
should be considered here within the rule followed in *Gray
v. Washington Water Power Co.*, 27 Wash. 713, 68 Pac.
360, and *Gardner v. Lovegren*, 27 Wash. 356, 67 Pac. 615.
The sole ground upon which the court granted the new trial

was that it appeared by affidavits, which were submitted seven or eight months after the nonsuit, that the selling price for the mining property had been fully paid since the nonsuit, and that respondent for that reason should be permitted to shape his complaint so as to state that fact and proceed to a new trial under the amended or supplemental complaint. It was purely a question of law that was decided by the court, and in such a case, as was stated in *Gardner v. Lovegren, supra,* this court will not hesitate to set aside an order granting a new trial, although it might hesitate to interfere with the discretionary powers of the trial court as to a new trial if the order granting it were based upon matters of fact.

Considering the only point decided by the court adversely to the appellant within the rule of *Gray v. Washington Water Power Co., supra,* we think the court erred in making the order upon the ground stated. An actual cause of action must exist at the time of bringing the suit, and if such does not then exist, no cause of action subsequently arising can be introduced by amended or supplemental complaint, or by proof of facts constituting a cause of action and occurring after the beginning of the suit. *Pinch v. Anthony,* 10 Allen 470; *Dickerman v. New York etc. R. Co.,* 72 Conn. 271, 44 Atl. 228; *Willoughby v. Atkinson etc. Co.,* 93 Me. 185, 44 Atl. 612; *Berford v. New York Iron Mine,* 8 N. Y. Supp. 193; *Lewis v. Fox,* 122 Cal. 244, 54 Pac. 823; *Lennox v. Vandalia Coal Co.,* 158 Mo. 473, 59 S. W. 242; *Barker v. Prizer,* 150 Ind. 4, 48 N. E. 4; *Meyer v. Berlandi,* 39 Minn. 438, 40 N. W. 513, 1 L. R. A. 777, 12 Am. St. 663; *Payne v. School Dist.,* 87 Mo. App. 415; Gould's Pleadings (5th ed.), 161.

In *Pinch v. Anthony, supra,* at page 477, the court said:

"We have found no authority that goes so far as to authorize a party who has no cause of action at the time of

filing his original bill to file a supplemental bill in order to maintain his suit upon a cause of action that accrued after the original bill was filed, even though it arose out of the same transaction that was the subject of the original bill. It would seem to be contrary to principle to allow this to be done."

In *Berford v. New York Iron Mine, supra,* at page 194, the court said:

"Neither by amendment of the original complaint nor by supplemental complaint can facts which occurred after suit brought be made a part of plaintiff's case so as to turn what is no cause of action at all into a good cause of action."

The office of a supplemental complaint is merely to enlarge or change the kind of relief to which a party may be entitled upon a cause of action existing at the time of the commencement of the suit. If, therefore, no cause for any relief exists at the time the suit is begun, a supplemental complaint which avers facts occurring since the commencement of the suit as ground for relief cannot be entertained in the action.

Respondent insists that under the proofs the original complaint showed a cause of action existing when the suit was commenced, that the written instrument quoted above was evidence of an actual sale, that by its terms it could have been enforced by respondent, and that the proposed supplemental complaint merely introduces additional facts which show that the parties themselves construed the writing as meaning an actual sale. We do not think that, because payment may be made in full under a contract optional in form, it follows from that fact that the parties construed the transaction to be an actual sale from the beginning. The evidence of the transaction was the written instrument, and it was for the court to construe its effect. We think the court properly construed the contract when

the nonsuit was granted.  We believe by its terms it was
not enforcible against the proposed purchaser, and that it
was optional with him whether he made the payments or
not.  Respondent agreed to sell upon certain terms, but the
other party did not bind himself to buy, and actually
agreed to forfeit all payments made if he should not com-
ply with all conditions named.  When the contract was
made he paid $2,500 cash as a consideration for the
optional privileges, and later paid $5,000 more to keep the
privileges alive.  He entered into possession, and spent
money improving the property, as he was required to do if
he kept the option alive.  If the contract had been intended
as a sale, and not as an option, it would have been imma-
terial to appellant whether the property was improved or
not.  He exacted that condition, however, evidently upon
the theory that the property was still his, and, if the pur-
chase should not be made, the period covered by the con-
tract would not pass without some development of the
mine.  The time for making all payments had not expired
when this suit was begun, or at the time of the trial.  The
evidence showed that the greater part of the price was
unpaid, and it could not then be known that the balance
ever would be paid.  Under such circumstances, an actual
sale was not shown, and respondent was not entitled to
recover commission under claim of effecting a sale which
was not then such in fact.

Parol evidence is inadmissible to show the construction
placed upon a contract by the parties themselves when the
intention may be readily ascertained from the contract, as
reduced to writing by them.  21 Am. & Eng. Enc. Law
(2d ed.), pp. 1113, 1114.  The contract here being in no
sense ambiguous, evidence in support of the proposed sup-
plemental complaint on the theory, as urged, that the con-
struction placed upon the contract by the parties them-

selves may be shown thereby, would not only be inadmissible within the above rule, but if admitted would not establish the fact that a sale was made in the beginning, for reasons hereinbefore stated.

The procurement by a broker of a mere optional contract of sale does not entitle him to recover a commission in advance of a sale, when his undertaking is to effect an actual sale. *Dwyer v. Raborn,* 6 Wash. 213, 33 Pac. 350; *Lawrence v. Rhodes,* 188 Ill. 96, 58 N. E. 910; *Aigler v. Carpenter Place Land Co.,* 51 Kan. 718, 33 Pac. 593; *Runyon v. Wilkinson, Gaddis & Co.,* 57 N. J. L. 420, 31 Atl. 390; *Kimberly v. Henderson,* 29 Md. 512; *Tousey v. Etzel,* 9 Utah 329, 34 Pac. 291; *Zeidler v. Walker,* 41 Mo. App. 118.

Since, therefore, the contract pertaining to a sale was an optional one, and since no sale had been effected at the time suit was brought, the respondent was not entitled to recover a commission, and the nonsuit was properly granted; and since, as we have seen, the subject matter of the proposed amendment is not properly matter for a supplemental complaint, but introduces an actual cause of action when none existed before, it was error to grant the motion for a new trial and permit the amendment.

The judgment is reversed and the cause remanded, with instructions to the trial court to vacate the order appealed from and deny the motion for a new trial.

FULLERTON, C. J., and ANDERS, MOUNT, and DUNBAR, JJ., concur.