[No. 5124. Decided March 30, 1905.]

## H. J. NEELY et al., Respondents, v. J. H. LEWIS, Appellant.[1]

BROKERS—COMMISSIONS—ACTION FOR—INCOMPLETE CONTRACT—FAILURE TO AGREE—EVIDENCE—SUFFICIENCY. Brokers are not entitled to commissions where they secured a contract for a trade which was not complete in itself and which left the manner of payment undetermined and to be arranged to the satisfaction of the parties, and where the trade was not carried out, since they did not produce a purchaser ready, able, and willing, to buy the property at the seller's price.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered October 17, 1903, in favor of the plaintiffs, upon discharging the jury at the close of the evidence, after a trial on the merits, in an action for a broker's commissions. Reversed.

*A. E. Gallagher,* for appellant.

*Merritt & Merritt,* for respondents.

PER CURIAM.—In the early part of the year 1903, the appellant owned a stock of merchandise, which was then in a certain building in the city of Sprague, in this state. Being desirous of selling the same, he listed the property with the respondents, who are real estate agents, for sale, telling them that he would consider a proposition to trade the stock for farm lands. At about the same time, one H. H. Schultz, who owned 240 acres of land in Lincoln county, listed his property with the respondents for sale, and the respondents conceived the idea that the parties might be induced to trade the one for the other. They were brought together, and, after some negotiation, entered into the following agreement:

[1]Reported in 80 Pac. 175.

"This agreement made in duplicate this 5th day of March, 1903, by and between J. H. Lewis, of Sprague, Washington, and H. H. Schultz of Cheney, Washington, Witnesseth:

"J. H. Lewis hereby agrees to buy of H. H. Schultz, northwest $\frac{1}{4}$ of section 14, township 23, range 41, and northwest $\frac{1}{4}$ of southwest $\frac{1}{4}$ of section 14, township 23, range 41, and the northeast $\frac{1}{4}$ of the southeast $\frac{1}{4}$ of section 15, township 23, range 41, in all two hundred forty (240) acres more or less at the price of eleven thousand dollars ($11,000) assuming a mortgage on same for four thousand dollars ($4,000) leaving a balance of seven thousand dollars ($7,000) due H. H. Schultz, which is to be applied on the purchase price of the stock of goods now owned by said J. H. Lewis and now being in the store building known as the Jensen King and Byrd building at Sprague, Washington, which said stock of goods said Schultz agrees to purchase at invoice price, and to pay therefor in the following manner:

"Seven thousand dollars ($7,000) the price due on the farm as first payment, four thousand dollars ($4,000) on or before the first day of June, 1903, and the balance, if any, to be arranged in a satisfactory manner to both parties, either through the bank at Sprague or by a deposit each day of a certain percentage of the cash receipts to the credit of said Lewis. Each of the parties hereto bind themselves by these presents and each for themselves this day sign a note for one hundred dollars ($100) as forfeit money to the other that he will faithfully perform the covenants herein agreed. Said Schultz agrees to furnish an abstract to his place and said Lewis agrees to furnish a clear bill of sale to his property on final payment being made. (Signed.) H. H. Schultz, J. H. Lewis."

Before the written agreement was drawn, it was agreed between the appellant and respondents that, if the trade between Schultz and the appellant was made, the appellant would pay respondents $250 as commissions. The trade between Schultz and the appellant was not carried out, and the appellant refused to pay respondents their

claim for commissions, and this action was instituted to enforce payment. On the trial at the conclusion of the evidence, the court took the case from the jury, and entered judgment in favor of the respondents for the amount claimed.

We are of the opinion that the court erred in its judgment. To entitle the respondents to recover their commission, they were obligated to show that they had procured a purchaser ready, able, and willing to take the property on the terms upon which they were authorized to make the sale, or on terms satisfactory to the owner of the property. *Jones v. Eilenfeldt,* 28 Wash. 687, 69 Pac. 368; *Lawrence v. Pederson,* 34 Wash. 1, 74 Pac. 1011. The proofs shown by the record fall far short of this. The contract entered into between Schultz and the appellant was not complete in itself, nor was it a contract which could be specifically enforced. At the time the writing was signed, it was not known what the difference would be between the invoice price of the stock of merchandise and the agreed value of the farm, and the manner of payment of this difference was expressly excepted from the terms of the agreement, and was left "to be arranged in a satisfactory manner to both parties," when the amount of the difference should be ascertained. It is plain that the minds of the parties did not meet on the question of the terms of the sale, and as a consequence either party could refuse to close it without incurring a liability to the other. *Sibley v. Felton,* 156 Mass. 273, 31 N. E. 10; *Thomson v. Gortner,* 73 Md. 474, 21 Atl. 374; *George v. Conhaim,* 38 Minn. 338, 37 N. W. 791. The respondents, therefore, did not comply with the terms of their contract. They did not procure a purchaser ready, able, and willing to take the property on the terms upon which they had the same for sale, nor did they procure one ready to take it on terms satisfactory to the owner.

The judgment is reversed, and the cause remanded, with instructions to enter judgment in favor of the appellant according to the prayer of his answer.