**C. E. Mason, Appellant, v. George S. Miller, Appellee.**

**Gen. No. 5,666.**

1. BROKERS—*when cannot recover commissions.* Commissions cannot be recovered for the sale of a farm alleged to have been made on a certain contract alone when the contract was not signed by the vendee nor by the vendor's wife who was made a party to the contract.

2. BROKERS—*no recovery for commissions where contract may be forfeited.* No recovery can be had for commissions for the sale of a farm where the contract provides that it is to be forfeited on failure by the purchaser to make the payments provided for therein.

Appeal from the County Court of LaSalle county; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

L. B. OLMSTEAD, for appellant.

BUTTERS & ARMSTRONG, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee in an action brought by appellant to recover commissions alleged to be due him on the sale of appellee's farm. A trial was had and at the close of appellant's evidence a motion was made by appellee to have the evidence excluded and the jury instructed to find the issues for appellee, which motion was over-

ruled. The motion was renewed at the close of all the evidence and allowed, and the jury was instructed to find the issues for the appellee, which they did. From the judgment entered on their verdict, this appeal is prosecuted, and the errors assigned which are argued, are based on the ruling of the court below on said motion and instruction to find the issues for appellee.

The contract on which the right of recovery is urged was introduced in evidence, and appellant testified in relation thereto that he sought to recover commissions for making the sale of the farm in question on that contract and on no other ground. The contract was signed by appellee only. The alleged purchaser did not sign it, nor did the wife of appellee who was made a party to the contract at the suggestion of the purchaser.

The alleged purchaser testified he was a conditional buyer only; that he had a farm he would have to sell if he bought appellee's farm, and which he would not sell unless he bought appellee's farm. Appellee's wife objected to signing the contract because the consideration therein expressed was five hundred dollars less than she understood it was to be. So it appears from the evidence that while the parties had considerable talk about the contract, it resulted in the written contract not being signed by the purchaser or appellee's wife. The alleged purchaser did not take the farm under this contract. But if it had been signed by all the persons named therein as parties, it would have been but an option contract, in no way binding upon the purchaser to take the farm if he saw fit to forfeit the payment provided for therein, for the reason that the contract provided that in case of failure of the purchaser to make the payments therein mentioned, it was to be forfeited and determined, and all payments made thereunder up to such failure were to be forfeited and retained by the seller in full satisfaction of damages by him sustained. By the terms of the contract, the purchaser did not buy the farm, and a sale

thereof was not effected. . Appellant did not produce a purchaser who was willing to enter into a valid and enforcible contract to purchase the farm. Lawrence v. Rhodes, 188 Ill. 96, is decisive of the question.

Appellant undertook, according to his own claim, to find a purchaser who was ready, willing and able to purchase and take the farm on the terms proposed. He did not do so, and therefore cannot recover commissions.

The court did not err in taking the case from the jury and instructing them to find the issues for appellee.

The judgment is affirmed.

*Affirmed.*