[No. 11764. Department One. August 10, 1914.]

MODERN IRRIGATION & LAND COMPANY, *Respondent,* v. HARRY J. NEELY *et al., Appellants.*[1]

BROKERS—CONTRACT FOR COMMISSIONS—RIGHT TO FORFEITED DEPOSITS—CONSTRUCTION. Brokers employed to sell real property and not to negotiate options, are not entitled to retain sums paid for options and forfeited by intending purchasers during the life of the agreement, but are bound to account for the same, since the consideration for the payments being furnished by the owner, he is entitled to the money.

INTEREST—LIABILITY OF AGENT ON OPEN ACCOUNT—UNLIQUIDATED DEMANDS. In an action for an accounting against brokers employed to sell lands, under a contract of four years' standing, during which time the account was open and unliquidated, it is proper to allow interest on quarterly balances as determined by expert accountants from the books of both parties, though, as a general rule, interest is not allowed on unliquidated demands, where it appears that demand had been made upon the brokers, from time to time, for an accounting and payment of balances due, with which they failed or refused to comply, and while the owner had made some sales, an accounting to the brokers for these could have been had at any time for the

[1]Reported in 142 Pac. 458.

asking; since equity will not deny interest where the balances at any period of the contract were readily ascertainable.

APPEAL—HARMLESS ERROR—SCOPE OF ACCOUNTING. In an action for an accounting, the inclusion in the final account of sums admittedly due to the plaintiff, upon land contracts assigned to the defendants, is not prejudicial error, where it appeared that the assignments were of contracts connected with the subject-matter of the agency, the parties were all before the court, no surprise was claimed, and defendants included the items in a statement looking to an adjustment of the account with plaintiff.

FRAUDS, STATUTE OF—BROKERS—CONTRACT FOR COMMISSIONS— PLEADING—ESTOPPEL. Commissions retained by brokers, acting under a contract within the statute of frauds, are not recoverable by the owner in an equitable action for an accounting, where it appears that the plaintiff failed to plead the statute, the commissions were earned under an admitted agreement, were retained without objection prior to suit, and were charged against plaintiff in his own statement of the account, his conduct amounting to an estoppel as against a plea of the statute.

COSTS—ON APPEAL—CROSS-APPEAL. Both parties having appealed, and the judgment having been affirmed, neither can recover costs on appeal.

Cross-appeals from a judgment of the superior court for Spokane county, Jackson, J., entered September 2, 1913, upon findings in favor of the plaintiff, stating an account, in an action for an accounting. Affirmed.

*Danson, Williams & Danson* (*George D. Lantz*, of counsel), for appellants.

*Samuel Edelstein,* for respondent.

ELLIS, J.—This is an action by the owner of lands, against real estate brokers, its agents, for an accounting. A statement of the facts essential to an understanding of the issues, admitted by both parties as substantially correct, is as follows:

On March 5, 1905, the defendant Neely was, by contract with the plaintiff, made exclusive sales agent for certain of its lands. The contract contemplated sales on the deferred payment plan, deferred payments to bear seven per cent in-

terest. It provided that the agent should receive on sales a commission,

". . . equal to sixteen (16%) per cent of the total purchase price of each tract sold, to be paid in the following manner, to wit: if such sale is for all cash, then all commission to be paid in cash; if there are deferred payments in any of said sales, then said second party shall receive nine per cent of the total commission out of the first payment made and the balance of seven per cent out of the next payment made on said land by said purchaser (said deferred payment to draw its proportions of the earned interest, if any)."

Sometime afterwards—the exact date does not appear—the defendant Neely & Young, a corporation, succeeded to the rights of the defendant Neely under this contract, and proceeded with its performance, with the consent of the plaintiff. In December, 1909, the contract was terminated by mutual consent of the parties then interested. During the continuance of the contract, sales aggregating several hundred thousand dollars were made. The defendants did not deduct their commissions at the time sales were made, but, from time to time, at first frequently, but latterly at long intervals, turned over to the plaintiff all of the proceeds of some of the sales, retaining the proceeds of other sales in amounts which they assumed were approximately equal to the commissions then earned. The plaintiff also made sales from time to time of which the defendants had no record, and upon which they were entitled to commissions.

In addition to the foregoing admitted facts, it appears, from a fair preponderance of the evidence, that the plaintiff demanded from the defendants, from time to time, an accounting for moneys received by them on collections and a payment of balances due, but that no such accounting was ever made. It also appears, from a fair preponderance of the evidence, that the defendants could have had from the plaintiff, at any time, an accounting for all sales made by the plaintiff of which the defendants had no record. In fact, the

defendants' bookkeeper testified that he received such information every time he applied for it.          .

The trial court, after what appears to have been a most careful examination of the accounts of both parties, in the light of exhaustive evidence and with the assistance of experts, cast a final account, showing a balance due plaintiff in the sum of $9,813.14, and entered judgment accordingly. The defendants took an appeal; the plaintiff took a cross-appeal. The parties will, therefore, be designated throughout as plaintiff and defendants.

We shall first take up the defendants' appeal, and, so far as they require discussion in detail, dispose of the questions presented.

I.   It was admitted that, during the life of the agreement, the defendants received, as earnest moneys from intending purchasers, sums aggregating $2,944.40, which sums were forfeited by such intending purchasers. The court found that these moneys belonged to the plaintiff, and should have been remitted by the defendants quarterly, less their commissions ; that, as the defendants would have been entitled to nine per cent on the first payment of thirty per cent of the purchase price, had the sales been consummated on the usual terms, the defendants were entitled to have these earnest moneys pro rated accordingly. He therefore allowed the defendants a credit of thirty per cent of this amount, less interest on quarterly balances of these earnest moneys during the time they were retained and unaccounted for by the defendants.

The defendants contend that the court erred in holding that they were bound to account for any of these moneys. It is argued that the defendants were employed to make sales, not to negotiate options, hence were not entitled to commissions on moneys which were paid for options and that, therefore, the plaintiff was not entitled to the moneys forfeited on these options. If the plaintiff were questioning the defendants' right to the commissions allowed on these moneys, the

premise might be granted. *Lawrence v. Pederson*, 34 Wash. 1, 74 Pac. 1011; *Jones & Co. v. Eilenfeldt*, 28 Wash. 687, 69 Pac. 368; *Dwyer v. Raborn*, 6 Wash. 213, 33 Pac. 350. The question not being raised, we do not decide it. The conclusion, however, does not follow. The moneys were paid for options on plaintiff's lands. The consideration proceeded from the plaintiff. Having furnished the consideration, the plaintiff was entitled to the money paid therefor. *Chambers & Co. v. Herring* (Tex. Civ. App.), 88 S. W. 371; *Pierce v. Powell*, 57 Ill. 323; *Gilder v. Davis*, 137 N. Y. 504, 33 N. E. 599, 20 L. R. A. 398.

II. The court allowed interest on quarterly balances as determined by expert accountants from the books of both parties. The defendants claim that, inasmuch as the parties operated under the contract for nearly four years, during which time the account was open, no interest should have been allowed. It is true, of course, that, as a general rule, interest is not allowed upon unliquidated demands. This rule, however, like nearly all general rules, has its exceptions. Courts will not hesitate to make it yield to the equities of a given case. In this case, the court found, upon sufficient evidence, that the plaintiff demanded of the defendants, from time to time, an accounting and payment of balances due; that the defendants failed to render such periodical statements and failed and refused to remit balances on hand at periodical times, and that a reasonable time for such statements and remittances was every three months. While the plaintiff had made some sales from time to time, the evidence is clear that the defendants could have had an accounting for these at any time for the asking. The evidence was conflicting upon these points, but a consideration of the entire record convinces us that the whole difficulty arose from the remissness of the defendants in the matter of accounting at reasonable intervals. In such a case, it would be most inequitable to deny interest on balances cast at reasonable intervals, the means for determining such balances being always at hand.

"In the absence of any agreement in this respect, express or implied, the rule is that it is the duty of an agent to render accounts of his dealings to his principal whenever they are demanded, or, in the absence of a demand, within what is a reasonable time under the circumstances of the particular case, unless the nature of the agency is such as to exclude such a duty. Thus, where an agent has collected money for his principal, it is his duty to render an account or give notice thereof within a reasonable time, in order that the principal may give him instructions in regard to the manner of remitting it; unless such instructions were given at the time of the employment, in which case he should remit without such notice." 1 Clark & Skyles, Agency, § 422.

The same text, after stating that an agent cannot be charged with interest where he has held himself in readiness to account on demand, in the absence of an express agreement to pay interest, continues:

"But where he has neglected or refused to account for money in his possession belonging to his principal, as by refusing or neglecting to pay it over when it is his duty to do so, or by not applying it to the purpose for which it was given to him, he will be liable to his principal for interest thereon from the time of such neglect or default." *Id.*, § 424. See, also, 31 Cyc. 1479; *Crawford v. Osmun*, 90 Mich. 77, 51 N. W. 356; *Tompkins v. Tompkins*, 18 S. C. 1. Moreover, in such a case as this, where the balance at any given period throughout the running of the contract was capable of ready ascertainment by mere computation, the old common law rule has been much relaxed. In such cases, authority is not wanting that the demand should be treated as liquidated from the time when its certainty was so simply determinable. 22 Cyc. 1513; *Butler v. Kirby*, 53 Wis. 188, 10 N. W. 373; *Bartee v. Andrews*, 18 Ga. 407; *Sweeny v. New York*, 173 N. Y. 414, 66 N. E. 101; *Graham v. Chicago, M. & St. P. R. Co.*, 53 Wis. 473, 10 N. W. 609. This modification of the common law rule is distinctly recognized, though not held applicable, in the following cases: *Excelsior Terra Cotta Co. v. Harde*, 181 N. Y. 11, 73 N. E. 494,

106 Am. St. 493; *Gray v. Central R. Co.*, 157 N. Y. 483, 52
N. E. 555. Under the circumstances of this case, we find no
error in the allowance of interest upon the quarterly balances.

III. The court, in casting the final account, charged the
defendants with amounts, admittedly due to the plaintiff,
upon certain land contracts which had been assigned to the
defendants. It is urged that, as to these contracts, the de-
fendants were simply purchasers, and, since the action was
one for an accounting between principal and agent, these con-
tracts had no place in the issues. The action was one in
equity. These assignments were of contracts connected with
the subject-matter of the agency. All parties in interest were
before the court. We can conceive of no prejudice resulting
to the defendants from including these items in the final ac-
count, and none is suggested. No surprise is or can be
claimed. These items were included in the defendants' own
tentative statement looking to an adjustment of their account
with the plaintiff. We find no error in their inclusion in the
final settlement.

It is also claimed that the court erred in its findings touch-
ing certain specific transactions. These, for the most part,
involve small amounts, and are dependent upon conflicting
evidence. We shall not review them in detail. We have ex-
amined the lengthy abstract of record with much care. Fre-
quently throughout we have resorted to the statement of
facts. While the court may have made some mistakes, we are
satisfied that it has reached as nearly an accurate result as
would be attained if we essayed any corrections.

IV. The above conclusion applies with equal force to most
of the assignments of error argued on the plaintiff's cross-
appeal, which presents but one question calling for more spe-
cific discussion. The plaintiff sought to invoke the statute of
frauds against the retention by the defendants of certain com-
missions upon sales of lands platted in connection with the
lands included in the sales agency contract, but not included
in the description contained in that contract. The court

found that, after the execution and delivery of the agency agreement, the plaintiff platted the lands therein described, together with other lands acquired by it subsequent to the agreement, into a plat known as "Opportunity"; that no supplemental agreement in writing relative to the sales agency for such additional lands was entered into between the plaintiff and the defendants; that, by mutual consent of plaintiff and defendants, the defendants sold several parcels of land included in the plat of Opportunity not embraced within the lands described in the original sales contract; and that the commissions with the interest thereon, retained by the defendants upon the sales of such unincluded lands, aggregate the sum of $34,842.18. The court further found that these lands were listed with the defendants for sale as a part of the plat of Opportunity, and that the defendants reported such sales from time to time, deducting and claiming commissions on such sales, without objection from the plaintiff at the time such commissions were so deducted and claimed. The court held that, by its acquiescence in this course of conduct, the plaintiff had waived the right to claim the benefit of the statute of frauds as to these commissions.

The evidence is convincing that these sales were made with the understanding on both sides that they should be considered as coming under the terms of the original contract. In fact, the manager of the plaintiff so admitted. They covered a considerable period of time, and, as a matter of fair dealing, the plaintiff, if it did not intend to extend the memorandum of agreement to cover them, should have so indicated. Doubtless, had such an intimation been made, the defendants would have confined their activities to the land described in the agreement. This action is one of equitable cognizance, and the equities of the situation are so clearly with the defendants as to these commissions that, unless we are so constrained by our own decisions, we should be slow to disturb the decision of the trial court. Unquestionably, if the defendants were suing to recover unpaid commissions for the sale of these

lands, they could recover only as to those described in the written agreement. This is too firmly established to admit of cavil. *Cushing v. Monarch Timber Co.,* 75 Wash. 678, 135 Pac. 660; *Goodrich v. Rogers,* 75 Wash. 212, 134 Pac. 947; *Swartswood v. Naslin,* 57 Wash. 287, 106 Pac. 770. It is also well established that the fact that the sales were actually made would alone furnish no ground for a recovery. Performance alone does not take the contract out of the purview of the statute where the agent is compelled to resort to an action on the contract to recover his commissions, nor authorize a recovery upon a *quantum meruit*. This is because any other view would abrogate the statute by implying a contract which, by the terms of the statute, could only be proved by a written memorandum. *Keith v. Smith,* 46 Wash. 131, 89 Pac. 473; *Cushing v. Monarch Timber Co., supra.*

Here, however, the plaintiff is invoking the aid of a court of equity for an accounting. Baldly stated, its position as to these commissions is the claim of a right to recover moneys fully earned and voluntarily paid under a contract, fully performed on both sides, on the ground that the contract was within the statute. We have been cited to no authority sustaining a recovery in such a case. In its own comparative statement, rendered to the defendants, prior to suit, the plaintiff charged itself with all of the commissions claimed by the defendants, including those here involved, less certain overcharges with which we are not here concerned. In its complaint, it did not set up a claim to these commissions on a plea of the statute of frauds, though it was then cognizant that these commissions had been retained by the defendants. The bar of the statute was pleaded for the first time in the reply. The scope of an action usually cannot be so enlarged.

We have held that, when a plaintiff, suing on a contract within the statute, fails to disclose in his complaint whether the contract was oral or written, the defendant may rely upon the statute without in terms pleading it. *Taylor v. Howard,* 70 Wash. 217, 126 Pac. 423; *Goodrich v. Rogers, supra.*

But this is not such a case. These commissions were earned under an admitted agreement. They were retained without objection prior to suit. The plaintiff charged itself with them in its own statement of the account. It cannot recover them in a suit in equity for an accounting. To hold otherwise would be, in effect, to say that no conduct can operate as an estoppel as against a plea of the statute. This court has held to the contrary. *Horr v. Hollis,* 20 Wash. 424, 55 Pac. 565.

The judgment is affirmed. Both parties having appealed, neither can recover costs.

Crow, C. J., Main, Chadwick, and Gose, JJ., concur.