## P. F. Haynes, Appellant, v. A. J. Oliver, Appellee.
### Gen. No. 15,087.

BROKERS AND FACTORS—*what essential to recovery of commissions.*
If a real estate broker has authority to sell real estate he can
only recover for a sale made which his principal refuses to carry
out if he makes an absolute contract of sale which conforms in
all respects to the authority given to him.

Assumpsit.   Appeal from the Municipal Court of Chicago; the
Hon. ARNOLD HEAP, Judge, presiding.   Heard in this court at the
October term, 1908.   Affirmed.   Opinion filed May 2, 1910.

SPENCER WARD and WILLIAM A. CONOVER, for appel-
lant.

JOHN T. RICHARDS, for appellee.

MR. JUSTICE BAKER delivered the opinion of the
court.

This is an appeal by the plaintiff from a judgment
for the defendant on a directed verdict in an action of
*assumpsit.*   Plaintiff was in October, 1906, a general
broker in Chicago, engaged in the business of selling
real estate.   He entered into the following agreement
in writing with the defendant:

"Chicago, Ill., Oct. 19, 1906.
MR. P. F. HAYNES,

DEAR SIR: I hereby give you the exclusive right to
sell the entire block 4 Oliver's Sub., etc., that I now own
at $850.00 per 30 foot lot net to me.   I agree to furnish
a good title and abstract for same.

A. J. OLIVER.
Oct. 19th, 1906.

I hereby accept the terms of the above agreement.
P. F. HAYNES."

The first special count of the declaration sets out
said instrument, avers that plaintiff sold said block 4
at prices which would net defendant $850 per 30 foot
lot and yield to plaintiff $10,641 in addition thereto;
that defendant refused to execute deeds, etc.; that said

sum of $10,641 became due to plaintiff from defendant under said contract, and that defendant refused to pay the same, etc.

The second special count avers that defendant was indebted to plaintiff in the sum of $10,641 on account of services as broker under said agreement, sets out the same and repeats in substance the averments of the first count.

The defendant pleaded *non assumpsit* and a special plea to the second count, that plaintiff had not at the time when, etc., obtained from the city of Chicago a broker's license, as required by the ordinances of the city of Chicago. To the special plea plaintiff replied that at the time when, etc., he was operating under a license issued by the city of Chicago, etc.

On the trial plaintiff testified that when said contract was made his business was that of a general broker in Chicago, engaged in the business of selling real estate. He put in evidence the contract sued on and a copy of a plat of said block 4, and offered in evidence as exhibits 4 and 5 the following instruments in writing:

"CONTRACT FOR SALE OF REAL ESTATE.

Chicago, December 22, 1906.

Received of Oscar F. Mayer Two Hundred ($200) Dollars, as part payment towards the purchase of the following described real estate: Lot one and the east ten feet of Lot two and Lot forty-four and the east ten feet of Lot forty-three in Block 4 in Oliver's Subdivision, etc., * * * which is hereby bargained and sold to the said O. F. Mayer for the sum of forty-two hundred and forty ($4,240) Dollars, Four thousand & forty ($4,040) Dollars, more to be paid on the delivery of a good and sufficient Warranty Deed of conveyance for the same within sixty days from this date, or as soon thereafter as the deed is ready for delivery, after the title has been examined and found good, and the balance to be paid as follows: Should the title to the property not prove good, then this $200 to be refunded. But should the said O. F Mayer fail to perform this contract on his part promptly at the time and in the manner above specified (time being of the essence of

this contract), then the above two hundred ($200) Dollars shall be forfeited by him as liquidated damages, and the above contract shall be and become null and void.

P. F. HAYNES,

Authorized Agt. for A. J. Oliver, Owner.

OSCAR F. MAYER."

"REAL ESTATE CONTRACT.

This Memorandum Witnesseth, That P. F. Haynes, Agent for the owner, hereby agrees to sell, and Oscar C. Johnson agrees to purchase, at the price of Two Thousand and no/100 Dollars the following described real estate, situated in the City of Chicago, County of Cook and State of Illinois. Lots twenty-seven (27), Twenty-eight (28) and the West Five (5) feet of Lot Twenty-nine (29), in Block Four (4) in Oliver's Subdivision, etc.   *   *   *

Said purchaser has paid Two Hundred and no/100 Dollars as earnest money, to be applied on said purchase when consummated, and agrees to pay, within 5 days after the title has been examined and found good, the further sum of Eight Hundred and no/100 at the office of P. F. Haynes, Chicago, Illinois, provided a conveying to said purchaser a good title to said premises (subject as aforesaid) shall then be ready for delivery. The balance to be paid as follows: One note in the sum of One Thousand and no/100 Dollars one year from the date hereof, to be secured by Trust Deed of even date therewith, with interest at the rate of 6 per cent per annum, payable semi-annually, to be secured by notes and mortgage, or trust deed, of even date herewith, on said premises, in the form ordinarily used by Real Estate Board.

"A complete Abstract of Title, or merchantable copy, to be furnished within a reasonable time, with a continuation thereof brought down to this date. In case the title, upon examination, is found materially defective, within ten days after said Abstract is furnished, then, unless the material defects be cured within sixty days after written notice thereof, the said earnest money shall be refunded and this contract become inoperative.

"Should said purchaser fail to perform this contract

promptly on his part, at the time and in the manner herein specified, the earnest money paid as above shall, at the option of the vendor, be forfeited as liquidated damages, including commissions payable by vendor, and this contract shall become null and void. Time is of the essence of this contract, and of all the conditions thereof.

"This contract and earnest money shall be held by Wilson and Hobbs for the mutual benefit of the parties hereto.

"In testimony whereof said parties hereto set their hands, this 22nd day of October, A. D. 1906.

"P. F. Haynes,

"Agt. for Owner.

"Oscar C. Johnson."

The court, on the objection of defendant, refused to admit said instruments in evidence. Plaintiff also offered in evidence a number of other instruments, which his counsel stated were substantially the same as said exhibits 4 and 5, and the court sustained defendant's objection to said instruments.

The instruments offered and excluded did not include all the lots in said block 4, and plaintiff offered to prove the sales of the remaining lots by books kept in his office, in which it was stated a record of such sales was kept, but the court excluded the evidence.

We think the court did not err in excluding said instruments and book. The contract of the parties only gave plaintiff the right to sell block 4, not to sell lots or parts of lots in said block. The contracts offered in evidence were for only lots or parts of lots in said block, and therefore were properly excluded.

But if it be conceded that plaintiff was authorized to sell lots and parts of lots in said block, from time to time, provided that in the end he sold the entire block, the contracts of sale offered in evidence were properly excluded, because they were not such contracts as the plaintiff was authorized to make by the contract sued on; first because the contract only gave plaintiff the right to sell the block for cash, and the

contract, exhibit 5, provided that one-half of the purchase money should be paid in cash and the remainder in one year.  Oliver v. Sattler, 233 Ill. 536; Monson v. Kill, 144 *id.* 248; Hoyt v. Shipherd, 70 *id.* 309.   Second, because exhibit 4 is but an option to purchase, for it provides that if Mayer shall fail to perform the contract, the $200 paid by him shall be forfeited and "the contract shall be and become null and void".  Lawrence v. Rhodes, 188 Ill. 96.   Third, exhibit 4 required defendant to furnish an abstract of title to the two lots and part of a third therein mentioned, while by the contract shall be and become null and void."  Lawrence stract of title to the block.

The books of plaintiff offered in evidence were not admissible to prove the existence of contracts for the sales of lots, and were properly excluded.

On the evidence admitted the plaintiff was not entitled to recover, and a verdict for the defendant was properly directed.

The record is, in our opinion, free from error, and the judgment is affirmed.

*Affirmed.*