[No. 13228. Department One. December 26, 1916.]

I. DORNBERG, *Respondent*, v. BLACK CARBON COAL COMPANY, *Appellant*.[1]

INTEREST—ALLOWANCE — UNLIQUIDATED CLAIMS — OPEN ACCOUNT. An unliquidated demand upon an open account for advances made in the nature of loans, draws interest where the amount can be ascertained by a mere computation; and the claim should be treated as liquidated from the time when its certainty is ascertainable.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered June 3, 1915, upon findings in favor of the plaintiff, in an action on an account, tried to the court. Affirmed.

*Danson, Williams & Danson, Robertson & Miller,* and *Edward W. Robertson,* for appellant.

*Voorhees & Canfield* and *Skuse & Morrill,* for respondent.

MORRIS, C. J.—Respondent, the treasurer of appellant company, brought this action to recover upon an open account for money advances to the corporation at different times and used by it in payment of various claims against it. The respondent alleged that these advancements were made under an agreement to repay the sums advanced, with interest from the date of such advancements. The lower court credited respondent with the various sums advanced by him and charged him with the amounts received by him, allowing

[1]Reported in 161 Pac. 845.

interest on both debit and credit items from the respective dates of receipt. The balance in favor of respondent represents the amount of the judgment awarded him.

It was also found that the appellant agreed to repay respondent all advancements made by him, with interest, when the mine was sold, and that a reasonable time having elapsed since such promise was made, the account is now due, although the mine still remains unsold.

The sole question presented upon the appeal is the allowance of interest to respondent upon the sums advanced by him to the corporation from the time such advancements were made. Irrespective of the finding of the lower court as to the agreement to pay interest, which was made upon conflicting testimony, and which would of itself sustain the judgment, we think the error alleged as to the award of interest is without merit. Whatever may be the rule in other states, it is now well settled in this state that interest is allowable upon an unliquidated claim when the amount thereof can be ascertained by mere computation, and that the claim should be treated as liquidated from the time when its certainty is so determinable. *Parks v. Elmore,* 59 Wash. 584, 110 Pac. 381; *Modern Irrigation & Land Co. v. Neely,* 81 Wash. 38, 142 Pac. 458; *Wright v. Tacoma,* 87 Wash. 334, 151 Pac. 837; *Angeles Brewing & Malting Co. v. Carter,* 89 Wash. 335, 154 Pac. 601.

Here there was no difficulty in determining when these various advances were made nor the amount thereof. Each advancement was in the nature of a loan to the company, made at a specific date, for a specific purpose. The principle of the above cases is controlling upon the facts here involved, and the judgment is affirmed.

MOUNT, CHADWICK, ELLIS, and FULLERTON, JJ., concur.