[No. 26133.  Department Two.  August 10, 1936.]

P. E. WOODBRIDGE, *Respondent,* v. L. A. JOHNSON
et al., *Appellants.*[1]

*Bascom & Bascom* and *John B. Fogarty,* for appellants.

*P. E. Froude* and *Black & Rucker,* for respondent.

MAIN, J.—This action was brought to recover the balance claimed to be due for services rendered and for an accounting. The answer to the complaint contains certain denials and admissions, and, in addition to this, an affirmative defense and two counterclaims are pleaded. The cause was tried to the court without a jury, and at the conclusion of the trial, findings of fact were made sustaining the plaintiff's right to recover. The defendants moved for a new trial, which was granted. Subsequently, the case was again tried, and the court found again as it had upon the first trial. From the judgment entered in plaintiff's favor in the sum of $1,245.88, the defendants appeal.

[1] Reported in 59 P. (2d) 1135.

The appellant L. A. Johnson, who will be referred to as though he were the only party on that side of the controversy, was the proprietor of a garage and a service station in the town of Monroe, in Snohomish county, doing business under the name of the L. A. Johnson Motors. On or about November 14, 1932, he employed the respondent to assist him in the operation of the business. Under the agreement, the appellant was to have charge of the shop, which was in the rear of the building, and the respondent was to keep the books and take care of the front part thereof. The agreement provided that, after certain deductions, not here material, the profits were to be divided equally between the parties.

Sometime during the month of January, 1933, the profits which had been made previous to the first of that month were equally divided between the parties, and about this there appears to be no serious controversy. From here forward, the evidence is in direct dispute. The respondent says that the agreement as to the division of profits had at no time been modified up to the time that his employment ceased, which was November 15, 1934. The appellant says that, in the early part of the year 1933, the prior agreement was modified, and testifies as to such modifications. He also testified that, in the early part of 1934, the agreement was again modified. Both parties are supported in their respective contentions by corroborative evidence.

If the appellant's theory be correct, the respondent was not entitled to recover in any sum. On the other hand, if the respondent's evidence is accepted as true, the judgment was properly entered in his favor. This presents purely a question of fact, and turns largely upon the oral testimony of the witnesses. The trial court found:

"That on or about the 14th day of November, 1932, the above named plaintiff and the above named defendant, L. A. Johnson, acting for and on behalf of himself and the community composed of himself and wife as above mentioned, entered into an oral agreement wherein said plaintiff was employed by said defendants, the compensation to be paid to plaintiff by defendants to consist of one-half of all net profits earned, made or received by said defendants doing business as said L. A. Johnson Motors.

"That under and by virtue of said agreement said plaintiff entered into the employment of said defendants and continued in such employment until the 15th day of November, 1934, at which time said plaintiff left such employment and terminated said agreement."

The appellant recognizes that the findings of the trial court as to the facts are against him, but insists that the findings are against the weight of the evidence. It is true that the case, having been tried without a jury, is here for trial *de novo* upon the record, and, when this court is convinced that the weight of the evidence is against the findings of the trial court, those findings will be set aside. The well-established rule is that the findings of the trial court will not be disturbed unless this court is able to say that the preponderance of the evidence is against such findings of fact. After giving consideration to all of the evidence, we are of the view that the findings of the trial court should not be disturbed, and that the trial court correctly found the facts. The question being purely one of fact, it would serve no useful purpose to review in detail the evidence offered by the respective parties.

The trial court permitted interest on the balance found to be due, at the legal rate from November 15, 1934, when the respondent's employment ceased, to the date of the judgment. The appellant says that this was error because the claim was unliquidated

prior to judgment. The general rule is that interest will not be allowed upon unliquidated demands prior to the time when such demands are merged in the judgment, but to this rule there are certain exceptions, one of which is that interest will be allowed upon unliquidated demands when the amount thereof can be ascertained by mere computation. Where the demand is for something which requires evidence to establish the quantity or amount of the thing furnished or the value of services rendered, interest will not be allowed prior to judgment. *Wright v. Tacoma,* 87 Wash. 334, 151 Pac. 837; *Lloyd v. American Can Co.,* 128 Wash. 298, 222 Pac. 876.

The case now before us falls within the exception to the general rule which allows interest upon an unliquidated demand when the amount thereof can be ascertained by mere computation. The only dispute was as to the terms of the contract, and, when that question was once determined, the amount of recovery was ascertained by computation. It was not necessary to sustain a recovery to prove the value of the services rendered.

The cases of *Dornberg v. Black Carbon Coal Co.,* 93 Wash. 682, 161 Pac. 845, and *Jellum v. Grays Harbor Fuel Co.,* 160 Wash. 585, 295 Pac. 939, are distinguishable. In each of those cases, recovery was sought for damages which the plaintiff had sustained, and, in order to fix the amount of those damages, evidence was necessary to show the amount thereof. Those cases fall within that part of the rule, above stated, where the demand is for something which requires evidence to establish the quantity or the amount thereof.

The judgment will be affirmed.

MILLARD, C. J., BLAKE, BEALS, and MITCHELL, JJ., concur.